# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF OHIO – Cincinnati Division

| | |
|---|---|
| THE KROGER CO.<br>                    Plaintiff,<br><br>vs.<br><br>THE FEDERAL TRADE COMMISSION<br>                    Defendant,<br><br>and<br><br>LINA M. KHAN, REBECCA KELLY SLAUGHTER, ALVARO BEDOYA, MELISSA HOLYOAK, and ANDREW N. FERGUSON, in their official capacities as Commissioners of the Federal Trade Commission<br>                    Defendants. | Civil Action No.<br><br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Plaintiff The Kroger Co. ("Kroger") brings this Complaint for injunctive and declaratory relief against the Federal Trade Commission ("FTC" or "Commission") and Lina M. Khan, Rebecca Kelly Slaughter, Alvaro Bedoya, Melissa Holyoak, and Andrew N. Ferguson, in their official capacities as Commissioners of the FTC.

## PRELIMINARY STATEMENT

1. Kroger brings this Complaint to enjoin the Commission's unlawful administrative proceeding to prevent Kroger's acquisition of Albertsons Companies, Inc. ("Albertsons"). That administrative proceeding violates two distinct separation-of-powers principles mandated by our Constitution to protect citizens from overreach by the federal government.

2. First, the Administrative Law Judge ("ALJ") who is presiding over the administrative proceeding enjoys two layers of for-cause protection from presidential removal, in violation of Article II.

3. Second, the FTC seeks to adjudicate Kroger's private rights within the Executive Branch rather than the Judicial Branch, in violation of Article III of the Constitution.

4. The remedy for these constitutional violations is to permanently enjoin the unconstitutional administrative proceeding.

## PARTIES

5. Kroger is incorporated in Ohio, with its principal place of business at 1014 Vine Street, Cincinnati, Ohio, 45202.

6. Defendant Federal Trade Commission is an agency of the United States government whose principal place of business, on information and belief, is Washington, D.C.

7. Defendant Lina M. Khan is the Chair of the Federal Trade Commission. She was sworn in as Chair of the Commission on June 15, 2021. She is being sued in her official capacity.

8. Defendant Rebeca Kelly Slaughter is a Commissioner of the FTC. She was sworn in as a Commissioner on May 2, 2018. She is being sued in her official capacity.

9. Defendant Alvaro Bedoya is a Commissioner of the FTC. He was sworn in as a Commissioner on May 16, 2022. He is being sued in his official capacity.

10. Defendant Melissa Holyoak is a Commissioner of the FTC. She was sworn in as a Commissioner on March 25, 2024. She is being sued in her official capacity.

11. Defendant Andrew N. Ferguson is a Commissioner of the FTC. He was sworn in as a Commissioner on April 2, 2024. He is being sued in his official capacity.

## JURISDICTION & VENUE

12. This action arises under the Constitution and laws of the United States, and this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

13. Under the Supreme Court's decision in *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023), the statutory review schemes set out in the Federal Trade Commission Act do not displace

a district court's federal question jurisdiction over constitutional challenges to the structure of the Commission.  *See id.* at 180.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(2) and (e)(1) because the plaintiff resides in this district and no real property is involved in this action.

15. This Court may grant the relief prayed for under the U.S. Constitution; the All Writs Act, 28 U.S.C. § 1651(a); and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201(a)–2202.

## BACKGROUND

### A. The structure of the FTC

16. The FTC is an Executive Branch agency composed of five Commissioners appointed by the President, by and with the advice and consent of the Senate.  *See* 15 U.S.C. § 41.

17. The FTC has statutory authority to bring administrative proceedings against entities subject to its jurisdiction for allegedly engaging in unfair methods of competition as well as for alleged violations of the antitrust laws.  *See id.* § 45.

18. The FTC also has statutory authority to seek permanent injunctive relief against unfair methods of competition in federal court.  *See id.* § 53(b).

19. FTC administrative proceedings are heard in the first instance by an ALJ.  *See* 16 C.F.R. § 3.41.

20. FTC ALJs may be removed only "for good cause" by the Merit Systems Protection Board.  5 U.S.C. § 7521(a).

21. The Merit Systems Protection Board in turn "is composed of 3 members appointed by the President, by and with the advice and consent of the Senate, not more than 2 of whom may be adherents of the same political party."  *Id.* § 1201.

22. Members of the Merit Systems Protection Board may be removed only "for inefficiency, neglect of duty, or malfeasance in office."  *Id.* § 1202(d).

23.     Accordingly, FTC ALJs—who indisputably are executive officers—enjoy two layers of protection against removal by the President.

**B.     The FTC's administrative proceeding against Kroger**

24.     Kroger is an American retail company that was founded in 1883.

25.     Kroger is an innovator and a pioneer in the food retail industry.  Barney Kroger was the first grocer in the country to establish his own bakeries, and to sell meats and groceries under one roof.

26.     Kroger's business philosophy is to compete hard on price, and to fund that strategy through process changes and other efficiencies.

27.     Kroger has consistently lowered prices following past mergers and acquisitions.  Kroger spent more than $100 million to cut the prices of thousands of products at Roundy's Supermarket after acquiring the chain, leading to a roughly 1 percent reduction in gross margins over five years.  Following its purchase of Harris Teeter Supermarkets, LLC a decade ago, Kroger invested $125 million in lowering prices and gross decreased roughly 2 percent over seven years.

28.     Kroger is committed to creating a competitive alternative to larger, non-union retailers.  Kroger employs a largely unionized workforce and has added more than 100,000 union jobs since 2012.  And since 2018, Kroger has invested $1.9 billion to improve wages and benefits.

29.     In October 2022, Kroger entered into an agreement to acquire Albertsons Companies, Inc. ("Albertsons"), another American food retail company.

30.     Kroger entered into this agreement so that Kroger could better compete against industry giants such as Walmart, Amazon, and Costco, thereby increasing competition and allowing greater choice at lower prices for the American public.

31. The purpose of this agreement is to allow Kroger to better compete against established and growing industry giants such as Walmart, Amazon, and Costco, thereby increasing competition and allowing greater choice at lower prices for the American public.

32. Continuing Kroger's track record of providing lower prices and higher quality stores to customers, Kroger publicly committed to share the benefits of the merger with customers by investing $1 billion to begin lowering prices upon closing of the agreement, and an additional $1.3 billion to improve Albertsons' stores.

33. To ensure the agreement would not lead to anticompetitive concerns, Kroger agreed to divest hundreds of grocery stores to C&S Wholesale Grocers.

34. Kroger also committed to investing another $1 billion to raise wages and benefits following the acquisition.

35. On February 26, 2024, the FTC filed an administrative complaint against Kroger and Albertsons, in the FTC's in-house tribunal, to enjoin the merger pursuant to Section 5(b) of the FTC Act, 15 U.S.C. § 45(b), and Section 11(b) of the Clayton Act, 15 U.S.C. § 21(b), ("the FTC Proceeding"). *See In re Kroger Co.*, Dkt. No. 9428 (FTC).

36. The FTC alleged that the merger violates section 5 of the FTC Act, which bars "[u]nfair methods of competition in or affecting commerce," 15 U.S.C. § 45(a)(1), as well as section 7 of the Clayton Act, which bars any acquisition, the effect of which "may be substantially to lessen competition, or to tend to create a monopoly," *id.* § 18.

37. The FTC seeks an order prohibiting Kroger and Albertsons from entering into "any transaction" that "combines their businesses, except as may be approved by the Commission." Complaint, *In re Kroger Co.*, Dkt. No. 9428, at 24 (Feb. 26, 2024). Furthermore, Kroger would have to "provide prior notice to and receive prior approval from the Commission for … *any* …

combination[] of their businesses in the relevant market with any other company operating in the relevant market." *Id.* (emphasis added).

38. The proceeding was assigned to Chief Administrative Law Judge Chappell.

39. The FTC also filed suit in federal court, in the District of Oregon, to preliminarily enjoin the acquisition pending resolution of the administrative proceeding. *See FTC v. The Kroger Co.*, No. 3:24-cv-00347-AN (D. Or.).

40. Section 13(b) of the Federal Trade Commission Act permits the FTC to obtain a preliminary injunction in federal court in aid of a pending administrative proceeding if the FTC makes a "proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success [in the administrative proceeding], such action would be in the public interest." 15 U.S.C. § 53(b)(2). The relief the FTC seeks in federal court therefore is a preliminary injunction of the merger that would last the duration of the parallel administrative proceeding, which likely will take several years to result in a final decision.

41. The Federal Trade Commission Act also permits the FTC to seek permanent injunctive relief in federal court, obviating the need for an administrative proceeding altogether. *See* 15 U.S.C. § 53(b)(2). The FTC elected not to take that route here, instead splitting its challenge into two tribunals.

42. As explained herein, the FTC's administrative proceeding violates two distinct separation-of-powers principles mandated by our Constitution.

I. **The FTC's administrative proceeding against Kroger is unconstitutional.**

43. The FTC's administrative proceeding against Kroger contravenes the constitutional separation of powers in two independent ways.

44. First, the administrative proceeding violates Article II of the U.S. Constitution because the ALJ overseeing the proceeding is an executive officer, yet enjoys two layers of

protection against removal. The Supreme Court has held that more than one layer of removal protection is unconstitutional.

45. Second, the administrative proceeding violates Article III of the U.S. Constitution because the FTC intends to adjudicate Kroger's private rights within the partisan Executive Branch rather than the independent Judiciary. The Supreme Court has repeatedly recognized that private rights must be adjudicated in federal courts.

### A. The ALJ overseeing the proceeding unconstitutionally enjoys multiple layers of removal protection, in violation of Article II.

46. Article II of the U.S. Constitution provides that "[t]he executive Power shall be vested in a President of the United States." U.S. Const. art. II, § 1. It also provides that the President "shall take Care that the Laws be faithfully executed." *Id.* § 3. In order to exercise this responsibility, the President must have the "power to oversee executive officers through removal," *Free Enter. Fund v. Public Company Accounting Oversight Board*, 561 U.S. 477, 492 (2010), a power that necessarily extends to any officers who "wield executive power on his behalf," *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183, 1291 (2020).

47. The Constitution distinguishes between "superior" (or principal) officers, who generally may be appointed only with the advice and consent of the Senate, and "inferior" officers, whose appointment Congress may vest by law in the President alone, or the heads of departments. *See Freytag v. C.I.R.*, 501 U.S. 868, 877–78 (1991) (citing U.S. Const., art. II, § 2, cl. 2).

48. Article II demands that the President have the unfettered authority to remove superior officers in the Executive Branch. *See Myers v. United States*, 272 U.S. 52, 163–64 (1926).

49. Inferior officers may be protected from presidential removal by one layer of for-cause removal protection, but not two. *Seila Law*, 140 S. Ct. at 2192; *Free Enter. Fund*, 561 U.S. at 514.

50. The FTC's ALJs are Officers of the United States because they exercise executive authority. *See Lucia v. SEC*, 585 U.S. 237, 241 (2018).

51. The FTC's ALJs are inferior Officers of the United States, because they are supervised by the Commissioners of the FTC, who are themselves appointed by the President and confirmed by the Senate.

52. The FTC's ALJs, however, may be removed only "for good cause" by the Merit Systems Protection Board, 5 U.S.C. § 7521(a), and in turn, the members of that Board may be removed only "for inefficiency, neglect of duty, or malfeasance in office," *id.* § 1202(d).

53. This dual layer of removal protection is contrary to Article II. *See Free Enter. Fund*, 561 U.S. at 492.

54. Because the FTC's ALJs are unconstitutionally protected from removal, they cannot lawfully preside over an administrative proceeding. *See Axon*, 598 U.S. at 191.

**B.  The administrative proceeding usurps judicial power, in violation of Article III.**

55. The FTC Proceeding is unlawful and unconstitutional because it allows adjudication of private rights by an administrative tribunal, in violation of Article III.

56. Private rights—like life, liberty, or property, which belong to individuals—may be adjudicated only in Article III courts, and not by administrative agencies. *See SEC v. Jarkesy*, 144 S. Ct. 2117, 2131–32 (2024); *Stern v. Marshall*, 564 U.S. 462, 482–84, 491 (2011).

57. The FTC seeks to enjoin "any transaction" between Kroger and Albertsons unless approved by the Commission, as well as impose a requirement that Kroger and Albertsons "receive prior approval from the Commission" for any acquisitions or other combinations "in the relevant market with any other company operating in the relevant markets."

58. This requested relief would limit Kroger's contract and property rights, which are core private rights.

59. Because the FTC's administrative proceeding seeks to adjudicate private rights in a non-Article III tribunal, the proceeding violates Article III of the U.S. Constitution.

## II. Kroger will suffer irreparable harm unless the administrative proceeding is enjoined.

60. As described above, the constitutional defects in the structure of the FTC and in the administrative proceeding render the proceeding unconstitutional.

61. Unless the proceeding is enjoined, Kroger will suffer an immediate constitutional injury by being subjected to an illegitimate proceeding.  The harm from such illegitimate proceeding cannot be undone.  The Supreme Court has recognized that the injury of being subjected to an illegitimate proceeding is a "here-and-now injury" that constitutes irreparable harm. *See Axon*, 598 U.S. at 191.

62. The irreparable nature of this here-and-now injury is particularly clear because the sovereign immunity of the federal government will ensure that Kroger never recovers the cost of complying with a lengthy and burdensome adjudicatory process.

63. Kroger also faces irreparable harm from the prospect that it may prevail in the preliminary injunction proceeding in federal court, yet still face an administrative proceeding that threatens to unwind the merger years after its consummation.

## COUNT I

**Declaratory and Injunctive Relief on the Ground that the Administrative Proceeding Violates Article II of the U.S. Constitution Because the Administrative Law Judge Presiding Over the Proceeding Is Unlawfully Insulated from Removal**

64. Kroger incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

65. The Take Care Clause of Article II requires the President to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3.

66. The Vesting Clause of Article II provides that "[t]he executive power shall be vested in a President of the United States of America." U.S. Const. art. II, § 1.

67. The Vesting Clause and the Take Care Clause bar any Officer of the United States from enjoying two levels of for cause removal protection. *See Free Enter. Fund*, 561 U.S. at 484.

68. The FTC's ALJs are inferior Officers of the United States. *See Lucia*, 585 U.S. at 241.

69. The ALJ who is presiding over the administrative proceeding enjoys two levels of for-cause removal protection, because he is removable only for cause by the Merit System Protection Board, members of which are also removable only for cause. *See* 5 U.S.C. §§ 1202(d), 7521(a).

70. Because the ALJ presiding over the administrative proceeding is an officer of the United States who enjoys two layers of for-cause protection, any actions taken by the ALJ are in violation of the Constitution.

71. The remedy for this constitutional violation is to enjoin the administrative proceeding.

## COUNT II

**Declaratory and Injunctive Relief on the Ground that the Administrative Proceeding Violates Article III of the U.S. Constitution**

72. Kroger incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

73. Article III of the U.S. Constitution vests the judicial power of the United States in Article III courts. Cases involving private rights may not be heard in tribunals other than Article III courts. *See Stern*, 564 U.S. at 469, 487.

74. The administrative proceeding seeks to adjudicate core private rights, including Kroger's contract and property rights.

75. Because the proceeding is conducted by an administrative agency, not by an Article III court, this adjudication of private rights violates Article III of the U.S. Constitution.

76. The remedy for this constitutional violation is to enjoin the administrative proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Kroger respectfully requests this Court enter an order and judgment in favor of Kroger and against Defendants:

a. Preliminarily and permanently enjoining the administrative proceeding against Kroger.

b. Declaring that the two layers of for-cause protection afforded to the FTC ALJs violates Article II of the U.S. Constitution.

c. Declaring that the FTC's adjudication of private rights, including in the administrative proceeding against Kroger, violates Article III of the U.S. Constitution.

d. Awarding such other and further relief that the Court deems just and proper.

Date: August 19, 2024

Respectfully submitted,

*/s/ Nathanial Lampley, Jr.*
Nathaniel Lampley, Jr. (0041543)
Petra G. Bergman (0097990)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street, Suite 3500,
Cincinnati, Ohio 45202
(513) 723-4000
nlampley@vorys.com
pgbergman@vorys.com

Mark A. Perry (*pro hac vice forthcoming*)
Joshua M. Wesneski (*pro hac vice forthcoming*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7248

Daniel M. Lifton (*pro hac vice forthcoming*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

Attorneys for Plaintiff The Kroger Co.