IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

**THE KROGER CO.,**

*Plaintiff,*

v.

**THE FEDERAL TRADE COMMISSION,** *et al.,*

*Defendants.*

No. 1:24-cv-00438-DRC
Hon. Douglas R. Cole

**JOINT NOTICE REGARDING SCHEDULING**

The parties respectfully submit their separate positions regarding a potential hearing date for Kroger's motion for a preliminary injunction, ECF No. 3, and the Government's forthcoming motion to transfer this matter to the District of Oregon.

**I.  Kroger's Position**

Kroger's motion for preliminary injunction will be fully briefed by September 23, and both parties are available for a hearing on October 4—the Court's last available date before several weeks of trial. Because Kroger asserts its right not to be subject to an unconstitutional administrative proceeding, the motion should be heard without unnecessary delay, on October 4.[1]

---

[1] The FTC did not advise Kroger of its intent to move for a transfer to the District of Oregon (where the Section 13(b) proceeding is pending) or a stay until the exchange of these submissions. Any such motion would be baseless. Venue would not be proper in Oregon, where no plaintiff or defendant resides and where no events "giving rise" to the claims here occurred. 28 U.S.C. § 1391(e). In fact, the FTC has repeatedly (and successfully) moved to strike these kinds of constitutional defenses in Section 13(b) proceedings on the ground that those issues are "immaterial" to the Section 13(b) proceeding. *See FTC v. IQVIA Holdings Inc.*, 2023 WL 7152577, at *3–6 (S.D.N.Y. Oct. 31, 2023); *FTC v. Meta Platforms Inc.*, 2022 WL 16637996, at *4–7 (N.D. Cal. Nov. 2, 2022). And there is no basis for a stay given that the FTC has asked for the Part 3 evidentiary proceeding to commence on October 2. In any event, if the FTC wishes to move either for transfer or for a stay, it should do so on a schedule that would allow all pending motions to be heard on October 4.

The Justice Department, which represents the FTC in this case, seeks a later hearing date principally because it contends the Part 3 administrative proceeding "may well be adjourned or vacated entirely" following the federal court proceeding in Oregon seeking a preliminary injunction pursuant to 15 U.S.C. § 53(b) (Section 13(b)).  The FTC itself, however, has said the exact opposite in the Part 3 proceeding.  There, the Commission (by a 3-2 vote) *refused* to continue the Part 3 proceeding until resolution of the federal court case.  *See* Ex. A.  The FTC ALJ only partially granted Plaintiff's motion for a recess, directing the parties to "propose a schedule for resuming the Part 3 hearing" after "the conclusion of the hearing in the federal district court on the preliminary injunction."  Ex. B, at 3.  Just hours after the preliminary scheduling hearing in this Court, FTC complaint counsel proposed a schedule under which the evidentiary portion of the administrative proceeding would commence on October 2.  *See* Ex. C.  And at opening statements in the Oregon preliminary injunction hearing on August 26, FTC complaint counsel asserted that the federal court need only "push pause on the transaction" until "the merits proceeding that [complaint counsel] has asked to begin on October 1."  Ex. D, at 35:18–22.[2]

If the Justice Department, on behalf of the FTC, commits in a public court filing in this case that the evidentiary portion of the Part 3 proceeding *will not commence* until after final resolution of the Oregon case, Kroger has no objection to deferring argument until later in October.  But given the FTC's consistent refusal thus far to make such a commitment, the Justice Department's request for delay has no basis.  Hearing on the motion should be scheduled for October 4.  If, after the conclusion of the Oregon evidentiary proceeding, the Part 3 hearing is continued or vacated, there will be ample time for the parties to reassess the schedule then.

The Justice Department makes two other arguments in favor of deferring argument.  First, it

---

[2] The FTC references Kroger's opening statement regarding the irreparable harms that would result if the preliminary injunction in the Oregon proceeding were *granted*.  But Kroger's principal concern in this litigation is what happens when the preliminary injunction is *denied*.

contends that Kroger unduly delayed in bringing this lawsuit. Not so. Kroger filed after the Supreme Court's decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024) (which implicated both of the constitutional arguments raised here), and several weeks before the earliest possible start date of the Part 3 proceeding. In any event, that is no reason for deferring argument on a motion that will be fully briefed and ready for argument on October 4. Second, the Justice Department attorney assigned to this case will be out of the country from September 26, 2024, through October 2, 2024. The Justice Department has thousands of attorneys—the fact that just one might be unavailable the week before the Court's last available argument date for several weeks is no reason to subject Kroger to an unconstitutional proceeding. In any event, the Justice Department attorney assigned to this case is available on October 4.

## II. Government's Position

The Government respectfully notifies the Court that it intends to move to transfer this case to the District of Oregon, or alternatively to stay proceedings pending resolution of the ongoing proceedings on the Federal Trade Commission's ("FTC") motion for preliminary injunction in that court, in which the evidentiary hearing commenced on Monday, August 26, 2024. *See FTC v. The Kroger Co.*, No. 3:24-cv-00347-AN (D. Or.). The Government intends to file its motion for a transfer or stay on or by September 16, 2024.

If the Court determines that a hearing on Kroger's preliminary injunction motion is warranted, the Government respectfully asks the Court to schedule any hearing for the week of October 28 for three reasons. *First*, no urgency compels an earlier hearing date given the likely timeline for any administrative proceedings. The administrative hearing formally commenced on July 31, 2024, before an administrative law judge, but is currently in recess with no date scheduled for its

3

resumption.³ Furthermore, the administrative proceedings (known as "Part 3 proceedings") may well be adjourned or vacated entirely based on the outcome of the FTC's concurrent action in the District of Oregon for a preliminary injunction under 15 U.S.C. § 53(b) to prevent consummation of the proposed merger, in which the hearing is set to conclude on September 13, 2024.⁴ Indeed, in opening statements in the Oregon preliminary injunction hearing on August 26, counsel for Kroger represented to that court that "the outcome of this hearing is going to most certainly be dispositive of whether this merger goes through or not," and "[t]his merger will not occur if this injunction is in place." Rough Tr. at 100:6–7, 150:10–17 (Aug. 26, 2024), *FTC v. The Kroger Co.*, No. 3:24-cv-00347-AN (D. Or.) (attached as Exhibit E).

*Second*, any potential urgency in this case stems not from what might happen in the Part 3 proceedings, but from Kroger's own decision to wait almost six months after the initiation of those proceedings before seeking preliminary injunctive relief. Kroger has known about the Part 3 proceedings since they were initiated six months ago, on February 26, 2024. *See* Compl. ¶ 35, ECF No. 1. Only now, after extensive briefing and months of pretrial proceedings in the Oregon case, and on the eve of the Oregon district court's hearing on the FTC's preliminary injunction motion, did Kroger bring constitutional claims in this Court and move for preliminary injunctive relief.

*Third*, undersigned counsel is the sole line attorney assigned this case, and will be out of the country from September 26, 2024, through October 2, 2024. Thus, counsel would not be able to reasonably prepare for a hearing set for the week of September 30, as suggested by Kroger. Given

---

³ Although the FTC has proposed a schedule to the defendants for the resumption of Part 3 proceedings in that case, the parties have not yet agreed upon or submitted a proposed schedule to the assigned administrative law judge. The administrative law judge must then accept any proposed schedule.

⁴ Kroger has indicated that it would agree to deferring argument if the Department of Justice were to "commit[] in a public court filing in this case that the evidentiary portion of the Part III proceedings *will not commence* until after a final resolution of the Oregon case." *See supra* p. 2. The Department of Justice cannot commit the Commission, which is a voting body, to any particular position.

4

the Court's scheduling conflicts for the weeks of October 7, 14, and 21, the week of October 28 is the earliest date range during which undersigned counsel is reasonably available to participate in any argument the Court may deem helpful to its consideration of the issues.

In light of the important constitutional issues presented here, as well as the important questions at stake in the ongoing § 53(b) preliminary injunction proceedings in the District of Oregon, the Government respectfully submits that setting any hearing on Kroger's preliminary injunction motion for the week of October 28 would provide substantial benefit to the Court and to the parties.

Dated: August 28, 2024      Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BRIAN D. NETTER
Deputy Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

/s/ Cassandra M. Snyder
CASSANDRA SNYDER
Trial Attorney
Department of Justice
Federal Programs Branch
1100 L Street, N.W., Washington, DC 20005
Tel: (202) 451-7729
Email: cassandra.m.snyder@usdoj.gov

*Counsel for Defendants*

/s/ Nathaniel Lampley, Jr.
Nathaniel Lampley, Jr. (0041543)
Petra G. Bergman (0097990)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
(513) 723-4000
nlampley@vorys.com
pgbergman@vorys.com

Mark A. Perry (admitted *pro hac vice*)
Joshua M. Wesneski (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7248

Bambo Obaro (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3083

Daniel M. Lifton (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Counsel for Plaintiff The Kroger Co.*