# EXHIBIT A

UNITED STATES OF AMERICA
BEFORE THE FEDERAL TRADE COMMISSION

COMMISSIONERS:  Lina M. Khan, Chair
Rebecca Kelly Slaughter
Alvaro M. Bedoya
Melissa Holyoak
Andrew Ferguson

| | |
|---|---|
| **In the Matter of**<br><br>**The Kroger Company**<br><br>and<br><br>**Albertsons Companies, Inc.** | **Docket No. 9428** |

## ORDER DENYING RESPONDENTS' MOTION FOR CONTINUANCE OF EVIDENTIARY HEARING

On February 26, 2024, the Commission issued an administrative complaint alleging that the proposed merger of The Kroger Co. and Albertsons Companies, Inc. (jointly, "Respondents"), if consummated, would violate Section 7 of the Clayton Act and Section 5 of the FTC Act. Also on February 26, 2024, Commission staff filed a complaint in the United States District Court for the District of Oregon seeking a temporary restraining order and a preliminary injunction to prevent Respondents from consummating their proposed merger until final resolution of this administrative proceeding. *See FTC v. Kroger Co.*, No 3:24-cv-00347-AN (D. Or.). The administrative hearing is scheduled to begin on July 31, 2024. The hearing in federal court on the preliminary injunction is scheduled to begin on August 26, 2024.

On March 26, 2024, Respondents filed a Motion for Continuance of Evidentiary Hearing ("Motion"), which asks the Commission to delay the start of the administrative hearing to October 21, 2024. By rule, "[t]he pendency of a collateral federal court action that relates to the administrative adjudication shall not stay the proceeding." 16 C.F.R. § 3.41. However, "upon a showing of good cause" the Commission "may order a later date for the evidentiary hearing to commence." *Id*. Complaint Counsel oppose the Motion. For the reasons described below, Respondents have failed to demonstrate good cause. Therefore, we deny Respondents' Motion.

Respondents argue that the administrative proceeding should follow the district court's decision on whether a preliminary injunction should issue, but this sequence is not required by statute or rule. Furthermore, the fact that the administrative hearing is now set to begin before the preliminary injunction hearing is a result of Respondents' own scheduling choices. Before the March 11, 2024, status conference in the federal court proceeding, Respondents were on notice that the

administrative hearing was scheduled to start on July 31, 2024.[1] During that federal court status conference, Complaint Counsel informed the court that the administrative hearing was set to begin on July 31, 2024. Motion Exh. B at 13 (Transcript of telephone status conference before The Hon. Adrienne Nelson). The court subsequently stated that the court's calendar would permit a hearing in early May, but counsel for Kroger rejected the dates despite knowing that the administrative hearing was set to begin on July 31, explaining that it would be "very challenging" for Respondents to be prepared for a hearing at that time or in June and advocating for a hearing in late July and August.[2] *Id.* at 18, 32-33. Indeed, counsel for Albertsons told the court that the August 26 date "would accommodate whatever [counsel for the FTC] chooses to do with the administrative hearing." *Id*. at 32. Respondents thus sought the dates that they now argue are in conflict with the already-scheduled administrative hearing.

Respondents' contention that the schedule they agreed to will cause undue burden fails to establish good cause for two reasons. First, Respondents' contention is contrary to representations they made to the district court. Specifically, counsel for Kroger told the court that if the July 31 administrative hearing were not delayed, "there's an awful lot of lawyers," and "[i]f we need to go simultaneously, we'll go simultaneously." *Id*. at 21. Similarly, counsel for Albertsons told the court, "[i]t certainly seems that the August date that Your Honor has offered that go[es] into September accommodate[s] everyone's concerns[.]" *Id*. at 32. Second, even if the administrative proceeding has not concluded by the time the preliminary injunction hearing begins, Respondents have not shown that any witnesses, the Respondents, or the Commission would be unduly burdened. The ALJ, in consultation with the parties, could avoid any overlap in the proceedings by recessing the administrative hearing during the pendency of the federal court hearing. Alternatively, any potential overlap between the two proceedings would occur at different stages for each, as Complaint Counsel would have already rested their case-in-chief in the administrative hearing well before starting their case-in-chief in the preliminary injunction hearing.[3] The current scheduling would also enable the

---

[1] Compl., *In re The Kroger Company and Albertsons Companies, Inc.*, Dkt. 9428 (FTC Feb. 26, 2024), available at https://www.ftc.gov/system/files/ftc_gov/pdf/d9428_2310004krogeralbertsonsp3complaintpublic.pdf.

[2] Specifically, Respondents stated that scheduling the preliminary injunction hearing in May would not allow them sufficient time to complete third party fact discovery and expert discovery. Motion Exh. B at 30-31. Although completing discovery and pretrial matters in two and a half months would have required the parties to work expeditiously and efficiently, Respondents would not have been denied a fair opportunity to prepare their defenses. Of the approximately 20.3 million documents in Complaint Counsel's investigation file, 20 million were produced by the parties themselves. Respondents have provided no reason to believe that they and their experts did not have constructive knowledge of the vast majority of documents here, or that they lacked the ability to determine which of these documents would be potentially relevant to their defenses even before the FTC issued its administrative complaint on February 26, 2024. As to the gathering of third-party discovery and its possible incorporation into Respondents' expert reports, a relatively small fraction of Complaint Counsel's investigation file—approximately 300,000 documents—was gathered from third parties. Consistent with Part 3 rules and practice, Complaint Counsel produced these third-party documents to Respondents within two weeks of issuing the administrative complaint on February 26, 2024. Motion Exh. B at 32 (Complaint Counsel stating to Judge Nelson, "The one wrinkle on that on numbers of the case are the third-party documents, and we have voluntarily begun and completed production of all of those third-party productions to us, so the defendants have them."). While it was Respondents' prerogative to seek a July date for the preliminary injunction hearing, the idea that agreeing to the May hearing date would have imposed undue or unusual hardship seems to lack merit when compared with similar proceedings.

[3] Complaint Counsel did not, as the dissent argues, "switch sides" between the federal court scheduling conference and the briefing on the motion at issue here. To the contrary, Complaint Counsel stated at the conference that one path forward would be for the preliminary injunction hearing to follow the administrative hearing. Motion Exh. B at 13–14 with Mem. in Opp'n at 7 ("We could also, frankly, Your Honor, as has been done in the past where a district court in my experience has waited until after the evidence is introduced in the administrative proceeding. There is a

district court to conduct a more efficient or abbreviated hearing on the preliminary injunction, which could reduce the litigation burden for any impacted witnesses, Respondents, and Complaint Counsel. *See FTC v. Tronox Ltd.*, 332 F. Supp. 3d 187, 196 (D.D.C. 2018) (explaining that in a preliminary injunction hearing held after the administrative hearing, the district court received the administrative record and permitted each side to present only three witnesses).[4]

Under these circumstances, Respondents have not demonstrated good cause for delaying the administrative hearing. Indeed, their requested delay would be inconsistent with Commission rules that explain "the Commission's policy is to conduct [administrative] proceedings expeditiously." 16 C.F.R. § 3.1. Further, none of the cases cited in Respondents' Motion is analogous here and thus none is persuasive. In those cases, the Commission found that there was good cause for continuing an administrative hearing when the preliminary injunction hearings were completed, and parties were only awaiting decisions from district courts. *See, e.g.*, *In re Hackensack Meridian Health, Inc.*, Dkt. 9399, 2021 WL 2379546, at *1 (FTC May 25, 2021); *In re RAG-Stiftung*, Dkt. 9384, 2020 WL 91294, at *1 (FTC Jan. 2, 2020). Also, in most cases, the parties to the proposed transactions had indicated that they would abandon the proposed transactions if a preliminary injunction were issued, potentially obviating the need for the administrative hearing completely. *See, e.g.*, *In re Thomas Jefferson Univ.*, Dkt. 9392, 2020 WL 7237952, at *1 (FTC Nov. 6, 2020); *In re Advocate Health Care Network,* Dkt. 9369, 2016 WL 2997850, at *1 (FTC May 6, 2016). Here, neither condition is present. Respondents seek to delay the administrative proceeding even though the federal court hearing would not have begun. Moreover, Respondents have made no commitment about their plans in the event that the federal court grants the Commission a preliminary injunction. *See* Motion Exh. A at 11 (Transcript of Prehearing Scheduling Conference before Chief Administrative Law Judge Chappell) (counsel for Albertsons stating that "[n]o decision has been made" when asked if the parties would abandon the transaction if a preliminary injunction were granted).

Accordingly, **IT IS HEREBY ORDERED** that Respondents' March 26, 2024, Motion for Continuance of Evidentiary Hearing is **DENIED**.

By the Commission, Commissioners Holyoak and Ferguson dissenting.

SEAL
ISSUED: May 29, 2024

April J. Tabor
Secretary

---

case, *FTC v. Tronox* … In that case the district court waited to receive the evidence until after the hearing, and said, great, I'll take the paper record, I'll take whatever – a few witnesses from each side, and then I will really be able to adduce whether the FTC can raise substantial questions about the merger, because I'll have the actual hearing record, and then the district court ruled and extended a preliminary injunction."). Complaint Counsel's statement that it would be "quite a burden and indeed an unfair one to force the FTC to litigate simultaneously" was responding to a proposal that would have required litigating Complaint Counsel's case-in-chief in two places at once, which is not an issue with the current schedule.

[4] Respondents forecast further overlap and additional burden from two state court suits challenging the proposed merger. Respondents state that a preliminary injunction hearing in Colorado state court is "currently anticipated" to take place from August 12 to August 24, 2024. Motion at 4. Respondents "are also anticipating" the Washington state court hearing to commence on September 16, 2024. *Id.* at 2. Respondents do not explain why the Colorado hearing—whose schedule Respondents agreed to after both the Part 3 proceeding and preliminary injunction schedules were already set—can start on August 12, but the previously scheduled administrative hearing commencing on July 31 must be delayed nearly three months.