# EXHIBIT B

PUBLIC

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
OFFICE OF ADMINISTRATIVE LAW JUDGES

|  |  |
|---|---|
| In the Matter of )<br>)<br>The Kroger Company, )<br>)<br> and )<br>)<br>Albertsons Companies, Inc., )<br>)<br> Respondents. )<br>) | Docket No. 9428 |

ORDER ON RESPONDENTS' MOTION TO RECESS THE EVIDENTIARY
PORTION OF THE PART 3 ADMINISTRATIVE HEARING

I.

On February 26, 2024, the Federal Trade Commission ("FTC") issued an administrative complaint alleging that the proposed merger of The Kroger Co. and Albertsons Companies, Inc. (jointly, "Respondents"), if consummated, would violate Section 7 of the Clayton Act and Section 5 of the FTC Act. Also on February 26, 2024, FTC staff filed a complaint in the United States District Court for the District of Oregon seeking a temporary restraining order and a preliminary injunction to prevent Respondents from consummating their proposed merger until final resolution of this administrative proceeding. *See FTC v. Kroger Co.*, No 3:24-cv-00347-AN (D. Or.). The administrative hearing is scheduled to begin on July 31, 2024. The hearing in federal district court on the preliminary injunction is scheduled to begin on August 26, 2024 and is scheduled to last until September 13, 2024. In addition to the federal preliminary injunction hearing, Respondents are facing trials in two state injunction proceedings, in Colorado and Washington, that are scheduled to take place beginning in mid-August and to conclude in October.[1]

Seeking to avoid the overlap between the administrative hearing and the various federal and state injunction trials, on July 8, 2024, Respondents filed a Motion to Recess the Evidentiary

---

[1] Specifically, according to Respondents: (1) the Colorado preliminary injunction hearing is scheduled to begin on August 12 and last until August 22 and the hearing on the permanent injunction is scheduled to begin on September 30 and last until October 18; and (2) the Washington permanent injunction trial is scheduled to begin in court on September 16 and is likely to last until early October.

Portion of the Part 3 Administrative Hearing ("Motion"). Complaint Counsel filed its response on July 11, 2024. For the reasons set forth below, Respondents' Motion is **GRANTED IN PART.**

## II.

Respondents request that the Administrative Law Judge ("ALJ") commence the hearing on July 31, but then recess the hearing prior to taking any evidence and resume the hearing after the completion of the federal and state injunction trials. Respondents assert that a recess will conserve the resources of the Office of Administrative Law Judges, non-parties, and the parties, in part because the parallel injunction trials will likely narrow the issues to be tried and possibly eliminate the need for presentation of evidence in the Part 3 hearing (this administrative proceeding). Respondents state that many witnesses identified on the parties' Part 3 final witness lists will also be witnesses in the parallel injunction proceedings. Respondents assert that recessing until after the conclusion of the parallel injunction hearings will avoid burdening those witnesses with testifying twice (or more) because the transcripts of the witnesses' testimony in the federal hearing can be used in the Part 3 hearing, noting that the FTC Rules specifically contemplate submitting trial transcripts as evidence in a Part 3 proceeding. *See* 16 C.F.R. § 3.43(b) ("If otherwise meeting the standards for admissibility . . . prior testimony" in "other proceedings . . . shall be admissible.").

Complaint Counsel opposes the motion to recess the administrative proceeding, asserting that the existence of a collateral federal court action does not justify recessing the hearing as requested by Respondents, which would result in a recess of nearly three months after the date the Commission set. Complaint Counsel argues that the burden on witnesses is not an undue burden because Complaint Counsel has agreed to allow witnesses to participate virtually as needed; has agreed to coordinate scheduling around appearances in Colorado and Washington; and has offered to delay the start of the federal court proceeding. Complaint Counsel further states that it has offered to recess this case during the Colorado preliminary injunction trial and that the Commission has authorized recessing this proceeding during the federal injunction trial. *See In re Kroger Co. and Albertsons Cos., Inc.*, 2024 WL 2862571, *2 (F.T.C. May 29, 2024) ("The ALJ, in consultation with the parties, could avoid any overlap in the proceedings by recessing the administrative hearing during the pendency of the federal court hearing."). Complaint Counsel does not address the waste of resources that would result from pushing forward with the trial on July 31, 2024, should this proceeding become unnecessary after the federal injunction proceedings.

## III.

FTC Rule 3.41(b) permits the ALJ to recess a Part 3 hearing "for brief intervals of the sort normally involved in judicial proceedings[.]" Having reviewed the parties' arguments and the applicable rule, the appropriate resolution is to convene the evidentiary hearing as scheduled on July 31, 2024, commence the record of the proceedings, take appearances of all counsel, and then recess the hearing until the conclusion of the hearing in federal district court on the preliminary injunction, scheduled to be completed by September 13, 2024. This recess is of reasonable duration and will not unduly delay resolution of the case. At the same time, this

recess will avoid overlap of some of the trials and the related expenditure of resources and burdens on non-parties, and will also lessen the chances of any unneeded waste of resources. Respondents' request for the recess to continue beyond the completion of the federal injunction trial, until after the completion of all pending state injunction trials, is less reasonable, as such a recess could unduly delay completion of the Part 3 proceeding.

Accordingly, Respondents' Motion is **GRANTED IN PART.** The Part 3 hearing will be convened on July 31, 2024 and then recessed until after the completion of the federal injunction hearing.[2] Respondents' request to recess the Part 3 hearing until after the conclusion of all state injunction trials is **DENIED**. It is hereby **ORDERED** that after the conclusion of the hearing in the federal district court on the preliminary injunction, the parties shall propose a schedule for resuming the Part 3 hearing. It is further **ORDERED** that the deadlines in the March 20, 2024 Scheduling Order for filing motions for *in camera* treatment of proposed trial exhibits, motions *in limine* to preclude admission of evidence, and the final prehearing conference are hereby stayed and will be reset as part of the new schedule for the Part 3 hearing to be determined.

## IV.

Respondents also request that the trial be conducted remotely by videoconference. Complaint Counsel joins in this request.

The logistics of bringing numerous witnesses and lawyers, as well as members of the press and the public, into the FTC building to attend a live evidentiary hearing are complex and burdensome, especially here, where Respondents are facing overlapping trials in state courts. Therefore, the request to have the trial conducted by videoconference is **GRANTED.**

Public access to the start of the hearing on July 31, 2024, and to the evidentiary hearing in this proceeding, to the extent permitted by any *in camera* orders, shall be allowed via a dedicated telephone line, which also allows access to the public in much larger numbers than could attend in the courtroom.

ORDERED:

DM Chappell

D. Michael Chappell
Chief Administrative Law Judge

Date: July 12, 2024

---

[2] Opening statements will be heard when the evidentiary portion of the hearing commences.