# **EXHIBIT C**

**From:** Anderson, Barrett <banderson1@ftc.gov>
**Sent:** Thursday, August 22, 2024 4:08 PM
**To:** john.holler@arnoldporter.com; matthew.wolf@arnoldporter.com; emainigi@wc.com; apodoll@wc.com; Perry, Mark <Mark.Perry@weil.com>; Barrington, Luna <Luna.Barrington@weil.com>; Obaro, Bambo <Bambo.Obaro@weil.com>; sonia.pfaffenroth@arnoldporter.com; Sullivan, Luke <Luke.Sullivan@weil.com>; Stewart, Beth <BStewart@wc.com>
**Cc:** Musser, Susan <smusser@ftc.gov>; Dickinson, Charles <cdickinson@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>; Hall, Laura <lhall1@ftc.gov>; Pai, Rohan <rpai@ftc.gov>

**Subject:** In the Matter of The Kroger Company/Albertsons Companies, Inc. - Docket No. 9428 | Rescheduling Part 3 hearing

Counsel:

We write regarding resetting the schedule for the Part 3 hearing.  As you know, Judge Chappell instructed that "the parties shall propose a schedule[] for resuming the Part 3 hearing" following the preliminary injunction hearing in Oregon federal court.  (July 12, 2024 Order at 3.)  Given that the parties expect the federal court hearing to conclude by Sept. 13, 2024, and in the interests of ensuring witness availability and proceeding expeditiously to the Part 3 hearing, we believe the parties have the information they need to agree to a new Part 3 schedule and should do so now.

To that end, we propose the following Part 3 schedule:
- Sept. 13
    - Last day to inform third parties who have designated material for *in camera* treatment that the Part 3 hearing has been rescheduled
- Sept. 24
    - Last day to file *in camera* motions
    - Last day to file motions *in limine*
- Sept. 27
    - Last day to file responses to *in camera* motions
    - Last day to file responses to motions *in limine*
    - Parties exchange proposed stipulations of law, facts, and authenticity
- Oct. 1
    - Pretrial conference at 1:00 p.m. EST
- Oct. 2
    - Hearing commences at 10:00 a.m. EST

We understand that Respondents currently have a hearing in the parallel Colorado state case scheduled to begin on Sept. 30. However, we do not believe that the Part 3 proceeding should be scheduled after the Colorado hearing concludes, for several reasons.  First, Judge Chappell specifically denied "Respondents' request to recess the Part 3 hearing until after the conclusion of all state injunction trials."  (July 12, 2024 Order at 3.)  Second, Section 3.1 of the Part 3 Rules of Practice for Adjudicative Proceedings provides that "counsel for all parties shall make every effort at each stage of a proceeding to avoid delay."  And third, we believe the parties can and should agree on a set of guidelines for the Part 3 proceeding that leverages the evidentiary record from the Oregon federal preliminary injunction proceeding—and thereby avoids the need to proffer duplicative evidence and testimony—as well as ensures witnesses are available when and where they are needed.

1

Please let us know if this schedule is acceptable or if you have any proposed changes.  We will then prepare a joint stipulation.

Sincerely,
Barrett


Barrett Anderson
Senior Trial Counsel
Federal Trade Commission | Bureau of Competition
202-460-0766
banderson1@ftc.gov
Pronouns: he, him, his