# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF OHIO – Cincinnati Division

| | |
|---|---|
| THE KROGER CO. <br>       Plaintiff, <br><br>   vs. <br><br> THE FEDERAL TRADE COMMISSION <br>       Defendant, <br><br>   and <br><br> LINA M. KHAN, REBECCA KELLY SLAUGHTER, ALVARO BEDOYA, MELISSA HOLYOAK, and ANDREW N. FERGUSON in their official capacities as Commissioners of the Federal Trade Commission <br>       Defendants. | Civil Action No. 1:24-cv-00438-DRC |

### MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER OR STAY

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ......................................................................................................... 1

BACKGROUND .......................................................................................................... 2

ARGUMENT ............................................................................................................... 5

    I.      The Court should deny the FTC's motion to transfer. ........................... 5

           A.      Kroger's action could not have been brought in the District of
                    Oregon. ...................................................................................... 5

           B.      The FTC has not satisfied its burden of proof that the suit should
                    be transferred to the District of Oregon. .................................... 8

                  1.      The Court cannot transfer this case to a forum that is
                            equally convenient. .......................................................... 9

                  2.      The public-interest factors do not support transfer. ...................... 10

                  3.      The interest of justice does not favor transfer. .............................. 13

    II.      The Court should deny the FTC's request to stay these proceedings. ................. 14

CONCLUSION ............................................................................................................. 17

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                            **Page(s)**

*Am. High–Income Trust v. AlliedSignal Inc.*,
2002 WL 373473 (D. Del. Mar. 7, 2002) ................................................................6

*Amos v. Aetna Life Ins. Co.*,
2019 WL 3773770 (S.D. Ohio Aug. 12, 2019).......................................................10

*Axon Enter., Inc. v. FTC*,
598 U.S. 175 (2023).................................................................................................1

*Bond Safeguard Ins. Co. v. Ward*,
2009 WL 1370935 (N.D. Ga. May 14, 2009)...........................................................6

*Doe S.W. v. Lorain-Elyria Motel, Inc.*,
2020 WL 1244192 (S.D. Ohio Mar. 16, 2020).........................................................8

*FCC v. Fox Television Stations, Inc.*,
567 U.S. 239 (2012)...............................................................................................15

*Ferrell v. Wyeth-Ayerst Lab'ys, Inc.*,
2005 WL 2709623 (S.D. Ohio Oct. 21, 2005).......................................................14

*FTC v. IQVIA Holdings Inc.*,
2023 WL 7152577 (S.D.N.Y. Oct. 31, 2023) ...................................................7, 13

*FTC v. Meta Platforms Inc.*,
2022 WL 16637996 (N.D. Cal. Nov. 2, 2022) ..................................................7, 13

*Griffith v. Menard, Inc.*,
2018 WL 1907348 (S.D. Ohio Apr. 23, 2018) ......................................................14

*Kay v. Nat'l City Mortg. Co.*,
494 F. Supp. 2d 845 (S.D. Ohio 2007) ..........................................................5, 8, 9

*Lassak v. Am. Def. Sys., Inc.*,
2007 WL 1469408 (S.D. Ohio May 18, 2007) ........................................................8

*Mesa Indus., Inc. v. Charter Indus. Supply, Inc.*,
2022 WL 3082031 (S.D. Ohio Aug. 3, 2022)..........................................................8

*Monongahela Power Co. v. Schriber*,
322 F. Supp. 2d 902 (S.D. Ohio 2004) .................................................................16

*Moses v. Bus. Card Express, Inc.*,
929 F.2d 1131 (6th Cir. 1991) ..............................................................................13

*Nat'l Benefit Programs, Inc. v. Express Scripts, Inc.*,
   2010 WL 1963431 (S.D. Ohio May 17, 2010) ...................................................................8

*Nat'l Republican Senatorial Comm. v. Fed. Election Comm'n*,
   672 F. Supp. 3d 538 (S.D. Ohio 2023) .........................................................9, 10, 12

*New Orleans Pub. Serv., Inc. v. Council of New Orleans*,
   491 U.S. 350 (1989) ...................................................................................................16

*Ohio Env't Council v. U.S. Dist. Ct.*,
   565 F.2d 393 (6th Cir. 1977) ......................................................................................14

*Palladian Partners, L.P. v. Province of Buenos Aires*,
   2022 WL 16700188 (S.D.N.Y. Nov. 3, 2022) ..............................................................6

*Paschal v. Fla. Dep't of Revenue*,
   2018 WL 5791914 (S.D. Ohio Nov. 5, 2018) ...............................................................5

*Pioneer Surgical Tech., Inc. v. Vikingcraft Spine, Inc.*,
   2010 WL 2925970 (W.D. Mich. July 21, 2010) ............................................................7

*Reese v. CNH Am. LLC*,
   574 F.3d 315 (6th Cir. 2009) .......................................................................................8

*Reilly v. Meffe*,
   6 F. Supp. 3d 760 (S.D. Ohio 2014) .............................................................................7

*SEC v. Jarkesy*,
   144 S. Ct. 2117 (2024) ..........................................................................................12, 13

*Shanehchian v. Macy's, Inc.*,
   251 F.R.D. 287 (S.D. Ohio 2008) ...........................................................................1, 10

*Smith v. Kyphon, Inc.*,
   578 F. Supp. 2d 954 (M.D. Tenn. 2008) .......................................................................8

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ..................................................................................................5, 9

*Wise v. PACCAR, Inc.*,
   2024 WL 1952876 (S.D. Ohio May 3, 2024) ................................................................9

**Statutes**

15 U.S.C. § 45(a)(1).....................................................................................................3

15 U.S.C. § 53(b)(2) ....................................................................................................4

28 U.S.C. § 1391(e)(1)..................................................................................................5

28 U.S.C. § 1391(e)(1)(B) ........................................................................................1

28 U.S.C. § 1391(e)(1)(C) ........................................................................................1

28 U.S.C. § 1404(a) ...........................................................................................1, 5, 8

**Other Authorities**

15 Fed. Prac. & Proc. Juris., Westlaw (4th ed. last updated June 2024) ........................................9

**<u>INTRODUCTION</u>**

Kroger—which is headquartered here in the Southern District of Ohio—has brought this suit to challenge an ongoing Part 3 administrative proceeding pending in the District of Columbia. The Supreme Court has held that such suits are proper, *see Axon Enter., Inc. v. FTC*, 598 U.S. 175, 180 (2023), and Congress has specified that they may be filed in the district where the plaintiff resides, 28 U.S.C. § 1391(e)(1)(C). The FTC nonetheless asks this Court to transfer this case to the District of Oregon—to a judge who currently is tasked with issuing a preliminary injunction decision after hearing weeks of testimony and receiving hundreds of pages of briefing on other issues, and who has not been presented with any of the constitutional issues presented in this case. The FTC's transfer motion should be denied for two independent reasons.

First, the FTC fails to satisfy the threshold requirement for transfer: that the action "might have been brought" in the proposed transferee court. The FTC argues that venue is appropriate in Oregon because "a substantial part of property that is the subject of the action" is located there. 28 U.S.C. § 1391(e)(1)(B). But that clause applies only in property disputes or *in rem* actions, which this case is not. Further, the FTC's claim that "a substantial part of the events" (*id.*) occurred in Oregon is equally flawed: The events giving rise to Kroger's constitutional claims—specifically, the FTC's administrative proceeding—occurred, as the FTC concedes, in the District of Columbia. As the FTC has repeatedly asserted in other litigation, these constitutional claims are "immaterial" to the proceeding in Oregon.

Second, the FTC fails to meet its high burden in establishing that the private and public interest factors counsel in favor of transfer. Section 1404(a) requires the moving party to show that the transfer would provide a "more convenient" forum, not simply one that is "equally convenient." *Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 292 (S.D. Ohio 2008). Yet the FTC concedes that the "District of Oregon is just as convenient for the parties as this District." Mot.

15. This admission alone is fatal to their motion; transfer is inappropriate if it merely shifts inconvenience from one party to another or provides no additional convenience at all. Furthermore, the FTC's arguments regarding the public-interest concerns are unfounded. It claims that transferring the case would prevent conflicting judgments and conserve judicial resources. But this case raises distinct constitutional issues separate from the antitrust enforcement action in the Section 13(b) proceeding in Oregon. There is no risk of conflicting judgments because the legal questions involved are entirely different, and the relief sought by Kroger here would not interfere with the Oregon proceeding.

The FTC's alternative request for a stay of these proceedings should also be denied. It argues that a stay "could significantly reduce the burden on both the Court and the parties," because "resolution of the Section 13(b) proceeding may result in adjournment or dismissal of the administrative proceeding." Mot. 20. That is pure speculation, and it is contradicted by the FTC's own position in the administrative proceeding. If the FTC (which is a named defendant in this action) believes the Part 3 administrative proceeding should not go forward, it has the power to stop it by issuing an order. Moreover, the FTC's invocation of the principle of constitutional avoidance does not justify postponing resolution of the serious constitutional questions at issue: The very pendency of the administrative proceeding imperils Kroger's constitutional rights, and this proceeding is the vehicle for the vindication of those important interests.

## BACKGROUND

Kroger is an American retail company that has operated grocery retail stores since it was founded by Bernard Kroger in Cincinnati in 1883. Compl. ¶¶ 24-25. Today, Kroger operates supermarkets and retail pharmacies in 35 states and the District of Columbia. Dkt. 3-1, ¶ 4. Kroger's business philosophy is to compete hard on price and to fund that strategy through process changes and other efficiencies. Compl. ¶ 26. Kroger also distinguishes itself through a

high-quality workforce of motivated and engaged employees. This workforce is largely unionized, and Kroger has added more than 100,000 union jobs since 2012. *Id.* ¶ 28.

In September 2022, Kroger entered into an agreement to acquire Albertsons, another grocery retailer with a complementary geographical footprint. Compl. ¶ 29. The purpose of this agreement is to allow Kroger to better compete against established and growing industry giants such as Walmart, Amazon, and Costco, thereby increasing competition and allowing greater choice at lower prices for the American public. *Id.* ¶ 30. Continuing Kroger's track record of providing lower prices and higher quality stores to customers, Kroger publicly committed to share the benefits of the merger with customers by investing $1 billion annually to begin lowering prices upon closing of the agreement and an additional $1.3 billion to improve Albertsons' stores. *Id.* ¶ 32. In addition, to address any anticompetitive concerns, Kroger agreed to divest hundreds of stores to C&S Wholesale Grocers. *Id.* ¶ 33. Kroger also committed to invest another $1 billion to raise wages and benefits following the acquisition. *Id.* ¶ 34.

Nevertheless, the FTC voted to challenge the merger. On February 26, 2024, FTC complaint counsel (the enforcement arm of the FTC) filed an administrative complaint against Kroger and Albertsons, in the FTC's in-house tribunal, to enjoin the merger. The FTC alleged that the merger violates section 5 of the FTC Act, which bars "[u]nfair methods of competition in or affecting commerce," 15 U.S.C. § 45(a)(1), as well as section 7 of the Clayton Act, which bars any acquisition, the effect of which "may be substantially to lessen competition, or to tend to create a monopoly," *id.* § 18. *See* Compl., *In re The Kroger Co.*, Dkt. No. 9428 (F.T.C. Feb. 26, 2024). The FTC seeks an order prohibiting Kroger and Albertsons from entering into "any transaction" that "combines their businesses, except as may be approved by the Commission." *Id.* at 24 (Feb. 26, 2024). Additionally, Kroger would have to "provide prior notice to and receive prior approval

from the Commission" for "*any . . .* combination[] of [its] business[] in the relevant market with *any* other company operating in the relevant market." *Id.* (emphasis added).

The FTC also filed suit in federal court in the District of Oregon to preliminarily enjoin the acquisition pending resolution of the administrative proceeding. *See FTC v. The Kroger Co.*, No. 3:24-cv-00347-AN (D. Or.). Section 13(b) of the Federal Trade Commission Act permits the FTC to obtain a preliminary injunction in federal court in aid of a pending administrative proceeding if the FTC makes a "proper showing that, weighing the equities and considering the Commission's likelihood of ultimate success [in the administrative proceeding], such action would be in the public interest." 15 U.S.C. § 53(b)(2). The relief the FTC seeks in federal court therefore is a preliminary injunction of the merger that would last the duration of the parallel administrative proceeding—long past the October 9, 2024 outside date specified in the merger agreement.

On August 19, 2024, Kroger filed this suit seeking preliminary and permanent relief enjoining the administrative proceeding. *See* Compl. Kroger alleges that the administrative proceeding violates two distinct separation-of-powers principles mandated by our Constitution: First, the Administrative Law Judge ("ALJ") who is presiding over the administrative proceeding enjoys two layers of protection from presidential removal, in violation of Article II; second, the FTC seeks to adjudicate Kroger's private rights within the Executive Branch rather than the Judicial Branch, in violation of Article III of the Constitution. *See id.* ¶¶ 2–3. On the same day Kroger filed its complaint, it also moved for a preliminary injunction. *See* Dkt. 3. Kroger seeks to enjoin the FTC from "proceeding with the ongoing proceeding" before it and "from initiating any other actions against [Kroger] before the" FTC. *Id.* at 1.

<u>**ARGUMENT**</u>

**I.      The Court should deny the FTC's motion to transfer.**

The FTC urges this Court to transfer the case to the District of Oregon under 28 U.S.C. § 1404(a), which, as relevant here, provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts must "engage in a two-step analysis" under Section 1404(a) and determine "(1) whether the action could have been brought in the proposed transferee court, and (2) whether considering all relevant factors, the balance of convenience and the interest of justice 'strongly' favors transfer." *Paschal v. Fla. Dep't of Revenue*, 2018 WL 5791914, at *1 (S.D. Ohio Nov. 5, 2018) (citing *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 850 (S.D. Ohio 2007)). Transfer pursuant to Section 1404(a) must be "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964). The moving party bears the burden to establish a need for transfer. *Kay*, 494 F. Supp. 2d at 849–50; *see also Paschal*, 2018 WL 5791914, at *1. The FTC's motion fails at both steps.

**A.      Kroger's action could not have been brought in the District of Oregon.**

This action could not have been brought in the District of Oregon because venue is not proper in that district. The relevant provision, 28 U.S.C. § 1391(e)(1), provides that venue is appropriate in "any judicial district" in which (1) "a defendant in the action resides," (2) "the plaintiff resides," or (3) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Venue is proper in this District because Kroger resides here. In contrast, neither Kroger nor the FTC "resides" in Oregon. Instead, the FTC relies only on the last option—but this fails as well.

The FTC first contends that venue would be proper in the District of Oregon because "'a substantial part of property that is the subject of the action'—Albertsons' grocery stores—is situated in Oregon." Mot. 9–10. But Kroger is acquiring all of the *stock* of Albertsons—a Delaware corporation headquartered in Idaho. Moreover, the venue statute's property clause has no application here: That clause applies only "'to suits involving property disputes or in rem actions.'" *Am. High–Income Trust v. AlliedSignal Inc.*, 2002 WL 373473, at *3 (D. Del. Mar. 7, 2002); *see also Palladian Partners, L.P. v. Province of Buenos Aires*, 2022 WL 16700188, at *3 (S.D.N.Y. Nov. 3, 2022). This case does not concern a dispute over any property in the District of Oregon. *See Bond Safeguard Ins. Co. v. Ward*, 2009 WL 1370935, at *5 (N.D. Ga. May 14, 2009) (concluding that the property clause is not met because "Plaintiff does not seek to obtain title or to recover the homes located in the Northern District of Georgia, nor does he seek a declaration of ownership").

The FTC next argues that "[v]enue would also be proper in the District of Oregon because 'a substantial part of the events or omissions giving rise to the claim occurred' in Oregon." Mot. 10. This argument, too, fails. None of the events—and certainly not a "substantial part" of the events—that form the basis of Kroger's claim occurred in Oregon. The relief sought in this case is limited to an order: (1) "[p]reliminarily and permanently enjoining the administrative proceeding against Kroger"; (2) "[d]eclaring that the two layers of for-cause protection afforded to the FTC ALJs violates Article II of the U.S. Constitution"; (3) "[d]eclaring that the FTC's adjudication of private rights, including in the administrative proceeding against Kroger, violates Article III of the U.S. Constitution"; and (4) "[a]warding such other and further relief that the Court deems just and proper." Compl., Prayer for Relief. The crux of this litigation is about whether Kroger's constitutional rights are being violated by the FTC's *administrative proceeding* that is ongoing in

the District of Columbia.  As Kroger has made clear, it does not ask this Court to interfere with the ongoing proceeding in Oregon.  *See* Dkt. 3, at 5.

Nevertheless, the FTC asserts that this clause is met because "the alleged antitrust injury at the center of the challenged administrative proceeding will occur in part in Oregon."  Mot. 10.  Those facts may have a connection to the FTC's Section 13(b) action, but they have nothing to do with Kroger's claim, which concerns the FTC's unconstitutional administrative proceeding in the District of Columbia.  *See Reilly v. Meffe*, 6 F. Supp. 3d 760, 766 (S.D. Ohio 2014) ("only those acts or omissions with substantial, rather than tangential, connections to a plaintiff's claims can establish venue").  In fact, the FTC has successfully argued in two prior cases that the very same constitutional arguments Kroger raises here are "*immaterial*" to a Section 13(b) proceeding and thus must be struck as affirmative defenses.  *FTC v. IQVIA Holdings Inc.*, 2023 WL 7152577, at *3–6 (S.D.N.Y. Oct. 31, 2023) (emphasis added); *FTC v. Meta Platforms Inc.*, 2022 WL 16637996, at *4–7 (N.D. Cal. Nov. 2, 2022).  Having previously prevailed in asserting the position that there is *no* relationship between the constitutional arguments and the Section 13(b) proceeding, and certainly not a "substantial" one, the FTC cannot reverse course here simply because it would rather not litigate the constitutional issues in this Court.

Moreover, "courts often focus on the relevant activities of the defendant, rather than the plaintiff, in determining where a substantial part of the underlying events occurred."  *Pioneer Surgical Tech., Inc. v. Vikingcraft Spine, Inc.*, 2010 WL 2925970, at *3 (W.D. Mich. July 21, 2010).  And here, the relevant conduct of the FTC is the filing of the administrative proceeding in the District of Columbia.  The fact that the FTC, for strategic reasons, chose to file a Section 13(b) proceeding in Oregon (as opposed to somewhere more convenient for Kroger, like Ohio) does not render venue in that state proper for this case.

Because this action could not have been brought in the District of Oregon, the FTC's motion to transfer should be denied.

### B. The FTC has not satisfied its burden of proof that the suit should be transferred to the District of Oregon.

Even if this action could have been brought in the District of Oregon, the motion to transfer still fails because the FTC has not met its burden to show good cause to override Kroger's venue choice.

"[T]he plaintiff's choice of forum should rarely be disturbed." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). For this reason, a "party seeking transfer under § 1404(a) bears the burden of showing that the relevant factors weigh strongly in favor of transfer." *Mesa Indus., Inc. v. Charter Indus. Supply, Inc.*, 2022 WL 3082031, at *4 (S.D. Ohio Aug. 3, 2022) (quotation marks omitted). In other words, "the Court does not start with the assumption that the case should proceed in whichever forum is slightly more advantageous to the parties or the witnesses," *Nat'l Benefit Programs, Inc. v. Express Scripts, Inc.*, 2010 WL 1963431, at *2 (S.D. Ohio May 17, 2010), but with "a presumption that the plaintiff's choice of a forum is entitled to considerable weight," *Doe S.W. v. Lorain-Elyria Motel, Inc.*, 2020 WL 1244192, at *4 (S.D. Ohio Mar. 16, 2020) (quotation marks omitted).

The FTC argues that Kroger's choice of forum should be given less weight because "the cause of action has little connection with the chosen forum." Mot. 15. The FTC overlooks, however, that when "the plaintiff also resides in the chosen forum," the choice of forum carries significant weight. *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008); *see also Lassak v. Am. Def. Sys., Inc.*, 2007 WL 1469408, at *3 (S.D. Ohio May 18, 2007) (the plaintiff's "Ohio residency plus his choice of an Ohio forum in which to litigate his claims deserve consideration"). The FTC's reliance on *Kay v. National City Mortgage Co.*, 494 F. Supp. 2d 845

(S.D. Ohio 2007), is misplaced. *See* Mot. 15. There, unlike here, the plaintiff was *not* a resident of Ohio, and the "fact" that the court found not to be "dispositive" in the transfer analysis was the *defendant's* residency in Ohio. *Kay*, 494 F. Supp. 2d at 851. The FTC's burden, therefore, remains the same: "Throughout the analysis, the onus of showing that a plaintiff's choice of forum is unnecessarily burdensome falls on the defendant." *Nat'l Republican Senatorial Comm. v. Fed. Election Comm'n,* 672 F. Supp. 3d 538, 543 (S.D. Ohio 2023) (Cole, J.) (quotation marks omitted).

The FTC falls well short of meeting its burden. This action exclusively involves pure issues of law not requiring live witness testimony or a trial, and there is no reason why litigating these issues of constitutional law would be more convenient in Oregon.

### 1. Transfer is unwarranted when the transferee forum is "just as convenient."

The private interests of the parties include "[t]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; . . . and all other practical problems that make trial of the case easy, expeditious, and inexpensive." *Nat'l Republican Senatorial Comm.*, 672 F. Supp. 3d at 547. In assessing these factors, "the moving party must establish that transfer would allow for the litigation to proceed in a *more* convenient forum, not merely 'a forum likely to prove equally convenient or inconvenient.'" *Wise v. PACCAR, Inc.*, 2024 WL 1952876, at *2 (S.D. Ohio May 3, 2024) (quoting *Van Dusen*, 376 U.S. at 645–46); *see also* 15 Fed. Prac. & Proc. Juris. § 3849, Westlaw (4th ed. last updated June 2024) ("A defendant moving for transfer must show both that the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by a transfer.").

The FTC has failed to meet its burden; in fact, it concedes that the "District of Oregon is just as convenient for the parties as this District." Mot. 15; *see also id.* at 14 ("The private interest

factors make the District of Oregon no less convenient for the parties than this District."). This admission is fatal to its motion: Section 1404(a) requires that the transfer be to a "more convenient" forum, not one that is merely "equally convenient." *Shanehchian*, 251 F.R.D. at 292; *see also Amos v. Aetna Life Ins. Co.*, 2019 WL 3773770, at *2 (S.D. Ohio Aug. 12, 2019) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. A showing of equal convenience (or inconvenience) between forums is not enough to obtain transfer of venue.") (citation omitted). Because the FTC has failed to establish that the District of Oregon would be a more convenient forum, this Court should deny its motion.

## 2. The public-interest factors do not support transfer.

The public interest factors also do not help the FTC carry its burden. The public-interest factors include "[d]ocket congestion, the burden of trial to a jurisdiction with no relation to the cause of action, the value of holding trial in a community where the public affected live, and the familiarity of the court with controlling law." *Nat'l Republican Senatorial Comm.*, 672 F. Supp. 3d at 547.

The FTC first argues that "transfer would conserve substantial judicial time and resources" given "the risk of conflicting or overlapping judgments." Mot. 12. But this supposed risk of conflicting or overlapping judgments is illusory: Allowing both cases to proceed separately would not lead to inconsistent judgments. In this action, Kroger seeks to enjoin the FTC only from prosecuting its unconstitutional administrative proceeding; it does not seek to interfere with or challenge the FTC's Section 13(b) action in the District of Oregon. *See* Dkt. 3, at 5. The FTC's assertion, moreover, overlooks the clear distinction between the nature of the claims in each case. The Section 13(b) proceeding in Oregon concerns issues of antitrust and the competitive impact of the proposed merger between Kroger and Albertsons; in contrast, this case raises issues regarding the constitutionality of the FTC's administrative proceeding. The outcomes of these two

cases will not intersect or contradict each other, because they involve entirely different legal questions. Put otherwise, Kroger could win in Oregon and lose in this Court, or vice versa, without any inconsistency between the two judgments.

The FTC further contends that "a decision in the Section 13(b) proceeding could directly affect the justiciability of Kroger's constitutional claims." Mot. 13. It argues that "[i]f Kroger and Albertsons abandon the proposed acquisition following an adverse decision in Oregon, that may render moot Kroger's constitutional claims challenging the administrative proceeding." *Id.* at 13. But the potential, hypothetical mootness of Kroger's claims in the indeterminate future has no bearing on the factors this Court considers in a transfer motion. The FTC cites no authority where a court has considered the justiciability of a plaintiff's claim in whether to grant a transfer motion. Additionally, the FTC's argument is premised on a false assumption—that Kroger's constitutional claim will be rendered moot if the FTC succeeds in the Section 13(b) proceeding. Even if Kroger and Albertsons were to abandon the proposed merger, the Commission may still pursue prospective relief in the administrative proceeding, as the FTC itself acknowledges it has done in the past (and conspicuously does not disavow it may do here). *Id.* at 13 n.6. Nevertheless, the FTC speculates there is a possibility that "the Commission will terminate the administrative proceeding on the grounds that it is no longer needed to protect the public interest," thereby "moot[ing] this case." *Id.* Speculation about what the FTC *may* do does not affect the live dispute that currently exists between Kroger and the FTC—particularly when the FTC has consistently refused to issue any order staying the Part 3 proceedings (and denied a motion seeking such an order months ago).

The FTC next argues that the District of Oregon court has greater "familiarity with the background of this case." Mot. 14. However, the District of Oregon court's familiarity with the

11

"factual history of this broader matter" is largely irrelevant: "Given that this looks to be a law-heavy rather than fact-heavy case, any advantage [Oregon] might have over this Court . . . seems minimal at best." *Nat'l Republican Senatorial Comm.*, 672 F. Supp. 3d at 547. Equally unconvincing is the FTC's suggestion that the District of Oregon court has greater familiarity with the controlling law than this Court. *See* Mot. 14 ("The District of Oregon court is … already intimately familiar with the statutory background of the Clayton Act and the FTC act."). The key legal background here is the precedent regarding removal power under Article II and the exclusive jurisdiction of the federal judiciary under Article III. Dkt. 15, at 1–2. To the extent the Clayton Act or the FTC Act have any bearing on those issues,[1] the federal court in Oregon has not had (and will not have) any occasion to address them. Moreover, "[i]n an action aris[ing] under . . . a federal statute, both courts are equally familiar with the controlling law and each would be competent to adjudicate that claim." *Nat'l Republican Senatorial Comm.*, 672 F. Supp. 3d at 548 (quotation marks omitted). Instead, "the controlling law factor typically applies in *diversity* jurisdiction cases and generally refers to a federal trial court's familiarity with applicable *state* law." *Id.*

In short, this will be a purely legal challenge, decided on substantive motions this Court is more than capable of resolving. The FTC also overlooks the fact that the federal court in Oregon is already burdened with the onerous task of resolving a preliminary injunction application against a multi-billion-dollar merger following three weeks of evidentiary hearings and more than 250 pages of forthcoming post-trial briefing. There is nothing efficient about requiring that court to adjudicate another significant preliminary injunction motion at the same time.

---

[1] They do not. Whether the "public rights" exception to Article III jurisdiction applies has nothing to do with the public-interest purpose of the statute, and instead turns on the nature of the rights implicated and their common-law origin. *See SEC v. Jarkesy*, 144 S. Ct. 2117, 2135–36 (2024).

### 3.     The interest of justice does not favor transfer.

The FTC argues that the interest of justice favors transferring this case to the District of Oregon.  At the outset, there is no freestanding "interest of justice" consideration.  Rather, the "public-interest concerns . . . come under the rubric of 'interests of justice.'"  *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).  Those factors—which have been expressly delineated by the Sixth Circuit—are what this Court considers when assessing the interest of justice.  For this reason, the FTC's discussion of the "interest of justice" is irrelevant to the transfer analysis and should be disregarded by the Court.

In any event, none of the FTC's arguments has merit.  The FTC first faults Kroger for having "made no mention in the Section 13(b) proceeding of its constitutional objections to the administrative proceeding."  Mot. 18.  But as noted above, the FTC has repeatedly (and successfully) moved to strike these kinds of constitutional defenses in Section 13(b) proceedings on the ground that those issues are "immaterial" to the Section 13(b) proceeding.  *IQVIA Holdings*, 2023 WL 7152577, at *3–6; *Meta Platforms*, 2022 WL 16637996, at *4–7.  In *IQVIA Holdings Inc.*, for example, the court recognized "the oddity of resolving . . . constitutional challenges in a [S]ection 13(b) proceeding," agreeing with the FTC that "it makes more sense . . . for the constitutional challenges to be resolved in a *separate action*."  2023 WL 7152577, at *3 (emphasis added).  The FTC also contends that Kroger has no explanation for its "delay[]" in bringing this lawsuit.  Mot. 19.  Not so.  Kroger filed after the Supreme Court's decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024), which implicated both of the constitutional arguments raised here, and several weeks before the earliest possible start date of the Part 3 proceeding.  Indeed, there is an irony to the FTC claiming Kroger has waited too long while also arguing that this case should be stayed.

Last, the FTC's concern that permitting this action to proceed would give Kroger "two bites at the apple" is unfounded.  Mot. 19.  Kroger is not seeking to litigate the merits of the FTC's

antitrust case in this forum; it is instead addressing a separate and independent issue—the constitutionality of the Part 3 administrative proceeding.  Indeed, in bringing this action, Kroger seeks to prevent *the FTC* from getting "two bites at the apple":  If the District of Oregon court declines to block the merger, the FTC should not receive a second opportunity to try the case in its own administrative tribunal.

## II.    The Court should deny the FTC's request to stay these proceedings.

The FTC argues in the alternative that this Court should stay further proceedings pending the resolution of the Section 13(b) proceeding, relying on the Court's inherent power to manage its docket.  Mot. 19–20.  While it is true that courts have the discretion to stay proceedings in certain circumstances, they "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ferrell v. Wyeth-Ayerst Lab'ys, Inc.*, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (quoting *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977)).  The factors typically considered when deciding on a stay—such as the need for a stay, the stage of litigation, and potential prejudice to the non-moving party, *see Griffith v. Menard, Inc.*, 2018 WL 1907348, at *2 (S.D. Ohio Apr. 23, 2018)—do not support the FTC's request in this case.

The FTC has not established a need for a stay.  It argues that a stay "could significantly reduce the burden on both the Court and the parties," because "resolution of the Section 13(b) proceeding may result in adjournment or dismissal of the administrative proceeding."  Mot. 20.  But the mere "possibility" that a pending case "may affect the outcome of this litigation does not mean that a stay is necessary." *Ferrell*, 2005 WL 2709623, at *2.  Moreover, the FTC itself has made the exact opposite representation in the Part 3 proceeding.  There, the Commission (by a 3-2 vote) refused to stay the Part 3 proceeding until resolution of the federal court case.  *See* Ex. A.  The FTC ALJ only partially granted Plaintiff's motion for a recess, directing the parties to "propose

14

a schedule for resuming the Part 3 hearing" after "the conclusion of the hearing in the federal district court on the preliminary injunction." Ex. B, at 3. Just hours after the preliminary scheduling hearing in this Court, FTC complaint counsel proposed a schedule under which the evidentiary portion of the administrative proceeding would commence on October 2. *See* Ex. C. And at opening statements in the Oregon preliminary injunction hearing on August 26, FTC complaint counsel asserted that the federal court need only "push pause on the transaction" until "the merits proceeding that [complaint counsel] has asked to begin on October 1." Ex. D, at 35:18–22. In more recent correspondence, the FTC has suggested that complaint counsel may be willing to join a motion to the FTC ALJ seeking a further recess of the Part 3 proceeding. The filing of a *motion* in the Part 3 proceeding, however, is far from tantamount to an order actually staying the proceeding.

If the FTC wants a stay in this case, it can get one: It need only issue a stay of the administrative proceedings until final resolution of the Oregon proceeding. But the FTC has refused to do so, instead insisting that the onus is on *Kroger* to re-file motions it has already lost seeking to delay the Part 3 proceeding. Every indication from the FTC *outside of this Court* has been that the Part 3 proceeding will go forward in the near future. Until the FTC makes an enforceable commitment otherwise—such as through an order staying the Part 3 proceeding—no stay is warranted. *Cf. FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 255 (2012) (finding that "the Government's assurance" not to act is "insufficient to remedy the constitutional violation"). Given the FTC's intransigence, there is no reason why this Court should be forced to delay the resolution of Kroger's constitutional claims.

The FTC also invokes the principle of constitutional avoidance, arguing that a stay would "allow this court to avoid an unnecessary constitutional ruling." Mot. 20. But constitutional

avoidance is a doctrine that helps courts choose among alternative grounds for resolving the merits of an action; it is not a justification for indefinitely delaying addressing constitutional questions that are properly before the Court. And the doctrine certainly does not override the indelible principle that federal courts have a "virtually unflagging" "obligation to adjudicate claims within their jurisdiction." *Monongahela Power Co. v. Schriber*, 322 F. Supp. 2d 902, 915 (S.D. Ohio 2004) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989)). This Court has jurisdiction over Kroger's constitutional claims, and postponing their resolution under the guise of awaiting the outcome of the Section 13(b) proceeding would unduly prejudice Kroger by delaying the resolution of the claims asserted here—which seek to vindicate Kroger's constitutional rights against governmental overreach. Kroger respectfully submits that the Court should proceed with addressing these claims now.

## CONCLUSION

For the foregoing reasons, Kroger respectfully requests that the Court deny the FTC's motion to transfer this case to the District of Oregon or, alternatively, stay further proceedings pending resolution in *FTC v. The Kroger Co.*, No. 3:24-cv-00347-AN (D. Or.).

Dated: September 20, 2024                 Respectfully submitted,

/s/ *Nathaniel Lampley, Jr.*
Nathaniel Lampley, Jr. (0041543)
Petra G. Bergman (0097990)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street, Suite 3500,
Cincinnati, Ohio 45202
(513) 723-4000
nlampley@vorys.com
pgbergman@vorys.com

Mark A. Perry (*pro hac vice*)
Joshua M. Wesneski (*pro hac vice* )
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7248

Daniel M. Lifton (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Attorneys for Plaintiff The Kroger Co.*