IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

THE KROGER CO.,

    *Plaintiff*,

v.

THE FEDERAL TRADE COMMISSION, *et al.*,

    *Defendants*.

No. 1:24-cv-00438-DRC
Hon. Douglas R. Cole

**DEFENDANTS' MOTION TO ADJOURN THE OCTOBER 28, 2024
PRELIMINARY INJUNCTION HEARING**

**INTRODUCTION**

Defendants respectfully move for an order adjourning the October 28, 2024 hearing on Plaintiff The Kroger Company's ("Kroger") preliminary injunction motion pending resolution of the parallel proceeding in the U.S. District Court for the District of Oregon. Should the Court wish to preserve a date on its calendar, Defendants request that the hearing be tentatively rescheduled for a date during the first week of December 2024 or later, with opportunity for further adjournment if necessary. Now that the underlying administrative hearing will not begin until December 18, 2024 at the earliest—if it is not mooted by intervening events—Defendants submit that the Court should wait to hold any hearing on Kroger's preliminary injunction motion until it becomes clear that the administrative hearing will indeed go forward. That would serve the interest of justice, conserve judicial and party resources, and potentially obviate any need for the Court to wrestle with the structural constitutional issues raised by Kroger's motion without causing any

1

prejudice to Kroger.[1]

As the Court is aware, Kroger's motion rests against the backdrop of a much earlier-filed proceeding initiated by the Federal Trade Commission ("the Commission") in the District of Oregon that, if successful, would preliminarily enjoin Kroger's proposed merger with Albertsons Companies, Inc. ("Albertsons"). As Defendants have explained and Kroger has conceded, the outcome of the Oregon proceeding could be effectively dispositive here: once that court has issued its ruling, the alleged harm that Kroger asks this Court to enjoin—an evidentiary hearing before a Commission Administrative Law Judge ("ALJ") regarding the proposed Kroger-Albertsons merger—may never occur. And if it does ever occur, it now will not be before December 18, 2024, at the very earliest, which would permit this Court ample time to consider all pending motions following resolution in the Oregon proceeding should procedural developments so warrant. In short, there is no likelihood of imminent harm that would require the Court to adjudicate Kroger's preliminary injunction motion in the near term.

Defendants seek this adjournment of proceedings following weeks of unfruitful discussions with Kroger regarding possible stay or adjournment. Kroger has repeatedly reaffirmed that the outcome of the parallel Oregon proceeding may result in adjournment or abandonment of the challenged administrative proceeding, which could moot its structural challenges to the Commission's authority to conduct administrative proceedings (and would almost certainly eliminate any potential irreparable harm). Moreover, Kroger itself has stated in briefing that a stay of this case would be appropriate should the administrative proceeding be stayed pending resolution in the Oregon proceeding. Kroger has even counter-proposed to Defendants an

---

[1] The Court recently rescheduled the preliminary injunction hearing from October 4, 2024, to October 28, 2024. The same reasons supporting that administrative scheduling relief also more broadly support the adjournment requested herein.

2

adjournment of the preliminary injunction hearing "to be rescheduled (if necessary) for some time within 21 days after [the Oregon court] issues an order," and indicated that a hearing would be "necessary" only if the administrative proceeding remained live following the Oregon court's decision. As Kroger's own proposal implicitly concedes, even if any dispute in this case remains live following resolution of the Oregon proceeding, this Court would have ample time thereafter to consider Kroger's request for preliminary injunctive relief.

Accordingly, this Court should adjourn the preliminary injunction hearing pending resolution in the Oregon proceeding. Should the Court wish to preserve a date on its calendar, Defendants propose that this Court tentatively reset the hearing for the first week of December 2024 or sometime thereafter, with the possibility for further adjournment as necessary. Defendants further propose that they will inform this Court of any resolution in the Oregon proceeding within one business day after it occurs.

## BACKGROUND

Defendants seek this adjournment consistent with Kroger's own repeated indications that a stay of further proceedings would be appropriate in precisely these circumstances. Indeed, Defendants have continuously provided Kroger with the scheduling confirmation it has sought throughout these proceedings.

For example, in the parties' initial joint filing regarding scheduling, Kroger pressed for an October 4 hearing date but indicated that it had no objection to a hearing during the week of October 28 if Defendants "commit[ted] in a public court filing in this case that the evidentiary portion of the [administrative] proceeding *will not commence* until after final resolution of the Oregon case." Notice Regarding Scheduling, ECF No. 10 at 1–2, PageID 96–97 ("Jt. Notice"). Yet after the ALJ continued the recess of the administrative proceeding until resolution of the

Oregon proceeding, Kroger newly opposed moving the hearing to October 28. Kroger instead suggested—for the first time during this Court's September 27 status conference—that the Oregon court might resolve that proceeding prior to October 28.

In response to that concern, Defendants agreed to clarify with the ALJ that the administrative proceeding would not recommence prior to November 18, 2024. Accordingly, on September 27, the parties to the administrative proceeding jointly moved the ALJ to clarify that the recess will extend until at least December 18, 2024. *See* Expedited Jt. Mot. to Clarify the Recess of the Ev. Portion of the Part 3 Admin. Hearing, *In re Kroger Co.*, Dkt. No. 9428 (FTC Sept. 27, 2024), https://perma.cc/5G3A-LNWU. This sought to extend the recess an additional month beyond this Court's requested clarification of November 18. *See id.* at 1. The ALJ granted that motion on September 30. *See* Order Granting Jt. Mot. to Clarify the Recess of the Ev. Portion of the Part 3 Admin. Hearing, *In re Kroger Co.*, Dkt. No. 9428 (FTC Sept. 30, 2024), https://perma.cc/RTB8-YHPT.

Following that confirmation, on October 2, this Court reset the hearing to October 28. *See* Oct. 2, 2024 Min. Order. The same reason for resetting the hearing from October 4 to October 28 also supports adjourning the hearing pending resolution in the Oregon proceeding, or at least until the first week of December. Indeed, Kroger has agreed that a stay of this case would be appropriate should the administrative proceeding be stayed pending resolution in the Oregon proceeding. In Kroger's opposition to Defendants' motion to stay or transfer, Kroger stated: "If the FTC wants a stay in this case, it can get one: It need only issue a stay of the administrative proceedings until final resolution of the Oregon proceeding." *See* Mem. of Law in Opp. to Defs.' Mot. to Transfer or Stay, ECF No. 16 at 15, PageID 723 ("Opp. to Stay"). But the administrative proceeding is now stayed pending resolution of the Oregon proceeding, and Kroger still opposes a stay or

4

adjournment.

Indeed, Kroger has even previously counter-proposed the same adjournment that Defendants request here. On September 23, during an ongoing meet and confer, Kroger indicated that it would be willing to agree to adjourn the then-October 4 hearing "to be rescheduled (if necessary) for some time within 21 days after [the Oregon court] issues an order" under the following conditions: (1) Defendants must withdraw their motion to transfer or stay, and (2) the ALJ must grant the motion to continue the recess of the administrative proceeding by no later than 5:00 PM EST on September 27; otherwise, Kroger would withdraw its consent to a stay of this case. Kroger further clarified that the circumstance in which a hearing would be "necessary" following a decision in Oregon would be "[i]f the FTC does not drop the Part 3 [administrative] proceeding following [the Oregon court's] ruling." Although Defendants did not agree to Kroger's counter-proposal, Kroger still joined the motion to continue the recess in the administrative hearing. *See supra* p. 3. And as noted above, the ALJ ultimately granted that motion on September 25—before Kroger's proposed deadline of September 27. Kroger's willingness to agree to a stay under these terms undermines any allegation of harm from a short adjournment.

Most recently, on October 9, counsel for Defendants emailed counsel for Plaintiffs regarding their position on adjourning the October 28 hearing until resolution of the Oregon proceeding. Again, Kroger opposed—despite its prior representation that a stay of the instant case would be appropriate if the administrative proceeding were stayed, *see* Opp. to Stay at 15, PageID 723, and the ALJ's clarification that the administrative proceeding will not recommence until resolution of the Oregon proceeding *and* until at least December 18, *see* Order Granting Jt. Mot. to Clarify the Recess of the Ev. Portion of the Part 3 Admin. Hearing, *In re Kroger Co.*, Dkt. No. 9428 (FTC Sept. 30, 2024), https://perma.cc/RTB8-YHPT. On October 10, counsel for

Defendants further requested Kroger's position on adjourning the hearing until at least the first week of December. Again, Kroger opposed. Kroger has provided Defendants with no justification for its opposition.

## ARGUMENT

The alleged imminent harm Kroger on which relies as the basis for its preliminary injunction motion—the commencement of an administrative evidentiary hearing before a Commission ALJ—may never occur. That much, the parties agree on. And if an administrative evidentiary hearing does occur, such a hearing would not be until December 18, 2024, at the earliest (and even then, as a practical matter it would likely be well after December 18). The parties agree on that, too. There is thus no reason to expend judicial and party resources adjudicating Kroger's preliminary injunction motion at this time. Accordingly, Defendants respectfully request that this Court adjourn proceedings on Kroger's motion—including adjourning the October 28 hearing date until at least the first week of December—to permit the court in the parallel District of Oregon proceeding to issue its ruling, potentially obviating any need for this Court to further consider Kroger's request for a preliminary injunction at all.

## I. The Court should adjourn the preliminary injunction hearing because this case may imminently be rendered moot.

Kroger agrees that its alleged harm may never occur. Kroger's alleged harm is exclusively tied to the commencement of the administrative proceeding—and in particular, the evidentiary hearing portion of that proceeding. But Kroger itself has repeatedly stated in the Oregon proceeding that the administrative proceeding "may well be adjourned or vacated entirely based on the outcome of the FTC's concurrent action in the District of Oregon." Defs.' Reply in Supp. of Mot. to Transfer or, Alternatively, to Stay at 10, PageID 859 (citation omitted) (collecting Kroger's statements to that effect). The evidentiary hearing in the Oregon proceeding concluded

6

on September 17, and the parties concluded post-hearing briefing on September 27. The parties expect a decision in that case soon. That decision—as Kroger itself emphasizes—may moot the instant case.

A short adjournment is warranted here for the additional reason that there are two other pending, parallel state-court proceedings which could directly affect this case in the near future. As previously explained, the States of Colorado and Washington have both initiated antitrust proceedings against Kroger and Albertsons for the same proposed acquisition at the center of the administrative proceeding. *See* Defs.' Mot. to Transfer or Stay at 5–6, PageID 352–53 (noting these lawsuits). Both States seek permanent injunctions barring Kroger and Albertsons from consummating the proposed acquisition. The hearing in the Colorado lawsuit began on September 30. The hearing in the Washington lawsuit began on September 16, with post-trial briefing due by October 18 and closing arguments scheduled for October 23. Should the state courts in either of those two cases enter the requested permanent injunctions, or even enter partial relief, then Kroger and Albertsons may abandon the proposed merger regardless of what happens in the Oregon proceeding. Should Kroger and Albertsons abandon the proposed merger for any reason— whether premised on a federal-court preliminary injunction or a state-court permanent injunction—the administrative proceeding may be adjourned or vacated, and the instant case would be rendered moot.

Thus, judicial economy favors a short adjournment pending resolution in the Oregon proceeding, which adjournment would prevent this Court from issuing an advisory opinion on claims that may soon become moot.

## II. Kroger will suffer no harm or other prejudice from a short adjournment pending resolution of potential mootness.

Kroger will not be subject to any alleged harm while waiting on resolution in the Oregon proceeding. By order of the presiding ALJ, the administrative proceeding will not recommence—if it recommences at all—until at least 21 days after resolution of the Oregon proceeding *and* until at least December 18, 2024. *See* Order Granting Jt. Mot. to Clarify the Recess of the Ev. Portion of the Part 3 Admin. Hearing, *In re Kroger Co.*, Dkt. No. 9428 (FTC Sept. 30, 2024), https://perma.cc/RTB8-YHPT.

Even then, there will likely be significant additional time before the administrative evidentiary hearing commences. That is because the current recess also continued multiple pre-hearing deadlines, which the parties would need to complete before any evidentiary hearing begins. *See* Order on Resps.' Mot. to Recess the Ev. Hearing Portion of the Part 3 Admin. Hearing at 3, *In re Kroger Co.*, Dkt. No. 9428 (FTC July 12, 2024), https://perma.cc/J6LV-EQBD (ordering that "the deadlines in the March 20, 2024 Scheduling Order for filing motions for in camera treatment of proposed trial exhibits, motions in limine to preclude admission of evidence, and the final prehearing conference are hereby stayed and will be reset as part of the new schedule for the Part 3 hearing to be determined"); Order Granting Jt. Mot. to Clarify the Recess of the Ev. Portion of the Part 3 Admin. Hearing at 1, *In re Kroger Co.*, Dkt. No. 9428 (FTC Sept. 30, 2024), https://perma.cc/RTB8-YHPT (continuing the administrative hearing, "as well as all related pre-hearing deadlines"). Indeed, the parties would first be required to confer on and submit a proposed schedule for these pre-hearing deadlines, which the ALJ would then be required to rule upon.

There is thus no prospect that Kroger will be subject to any alleged harm stemming from an administrative evidentiary hearing in the near future. That is doubtless why Kroger itself was willing (if certain conditions were met) to adjourn the hearing in this matter until "some time

8

within 21 days after [the Oregon court] issues an order." Moreover, once the Oregon proceeding is resolved, and should this case remain live, there will still be significant time between then and the beginning of the administrative evidentiary hearing. Indeed, to further assure that this Court would have ample time to conduct a hearing and issue a decision should this case remain live, Complaint Counsel sought to continue the recess in the administrative proceeding until December 18—an additional month past when this Court requested clarification.

Despite this assurance, Kroger now refuses to consent to any stay or adjournment in this case. Kroger's refusal to consent to an adjournment contradicts its own prior representations. As noted above, Kroger stated in its opposition to Defendants' motion to transfer or stay that a stay of this case pending resolution of the Oregon proceeding would be appropriate following "a stay of the administrative proceedings until final resolution of the Oregon proceeding." Opp. to Stay at 14, PageID 723 (noting that a stay would be "warranted" if "the FTC makes an enforceable commitment [to stay the administrative proceeding]—such as through an order staying the [administrative] proceeding"). And Kroger's prior counter-proposal to Defendants acknowledges that a hearing in this matter would be necessary only "[i]f the FTC does not drop the Part 3 [administrative] proceeding following [the Oregon court]'s ruling."

Courts regularly adjourn preliminary injunction hearings where the allegedly injurious conduct has been postponed. *See, e.g.*, *Strategic Turnaround Equity Partners, L.P. (Cayman) v. Fife*, No. 10-CV-11305, 2010 WL 1438797, at *1 (E.D. Mich. Apr. 9, 2010) (granting opposed motion to adjourn preliminary injunction hearing because meeting at which allegedly injurious conduct would occur had been rescheduled, "so there was no longer any emergency requiring expedited consideration"). And, as Defendants have previously explained, courts also routinely stay cases in anticipation of possible mootness. *See, e.g.*, *Stinnie v. Holcomb*, 396 F. Supp. 3d 653,

660 (W.D. Va. 2019) (granting stay based in part on possibility that Virginia Legislature would repeal offending provision, especially given constitutional avoidance); *Pavek v. Simon*, No. 19-CV-3000 (SRN/DTS), 2020 WL 4013982, at *2–3 (D. Minn. July 16, 2020) (granting stay "until the end of the regular 2021 Minnesota Legislative session—or until legislation that moots or otherwise resolves this case is enacted, whichever occurs first" in order "to avoid . . . a significant potential for duplicative efforts and wasted party resources"); *Luckey v. U.S. Dep't of the Navy*, No. 18-cv-06071-HSG, 2019 WL 4059855, at *2 (N.D. Cal. Aug. 28, 2019) (granting stay pending either passage of a particular bill before Congress, or the end of the Congressional session, whichever occurred first). This Court should similarly adjourn the preliminary injunction until it becomes clear whether this case is moot.

Kroger has no justification for insisting that this Court hold a hearing on an issue which may imminently be rendered moot, particularly where Kroger itself was previously willing to adjourn that hearing until the District of Oregon issues a decision. Accordingly, this Court should adjourn the preliminary injunction hearing pending resolution in the Oregon proceeding, to be tentatively reset until the first week of December or later, with the potential for further adjournment if necessary. Defendants further propose that they will inform this Court of any resolution in the Oregon proceeding within one business day.

## CONCLUSION

For the foregoing reasons, the Court should adjourn the October 28, 2024 preliminary injunction hearing until at least the first week of December 2024.

Dated: October 11, 2024								Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BRIAN D. NETTER
Deputy Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

*/s/ Cassandra M. Snyder*
CASSANDRA SNYDER
Trial Attorney
Department of Justice
Federal Programs Branch
1100 L Street, N.W., Washington, DC 20005
Tel: (202) 451-7729
Email: cassandra.m.snyder@usdoj.gov

*Counsel for Defendants*

11