# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF OHIO – Cincinnati Division

| | |
|---|---|
| THE KROGER CO.<br>                      Plaintiff,<br><br>  vs.<br><br>THE FEDERAL TRADE COMMISSION<br>                      Defendant,<br><br>  and<br><br>LINA M. KHAN, REBECCA KELLY SLAUGHTER, ALVARO BEDOYA, MELISSA HOLYOAK, and ANDREW N. FERGUSON, in their official capacities as Commissioners of the Federal Trade Commission<br>                      Defendants. | Civil Action No. 1:24-cv-00438-DRC |

## KROGER'S OPPOSITION
## TO DEFENDANTS' MOTION TO ADJOURN

Despite purportedly seeking to "conserve judicial and party resources," the FTC has by now surely exhausted more resources litigating the date for oral argument than actually arguing the motion will require.  The motions for preliminary injunction and to transfer or stay have been fully briefed since September 25.  All parties and the Court are available and ready to argue those motions on October 28.  The FTC identifies no burden to any party from the hearing except the normal resources consumed by preparing for and holding argument.  It cites no case where relief has been granted in comparable circumstances, and in fact, the cases it does cite actually prove the *opposite* of what the FTC offers them for.  There is no basis for an adjournment.

As the Court well knows, it took significant effort and resources from both the parties and the Court to finally land on the October 28 argument date.  Indeed, from the start of this case, the FTC has been nearly relentless in its effort to avoiding having Kroger's motion even *heard*.  But while there may be jurisprudential reasons for the Court to reserve its *opinion* until there is more

clarity about future proceedings, there are no grounds for indefinitely postponing *argument* on the motion. The possibility that future events may moot the case—far from a certainty—is not a reason to delay argument and thereby manufacture an artificial emergency if that mootness does not ultimately arise.

The FTC seems to overlook also that argument is principally for the benefit of the *Court*. The October 28 hearing date was set by the Court with full knowledge of all of the facts set forth in the FTC's motion. The FTC does not claim there have been any intervening developments since then relevant to its application. If the Court now determines that a hearing would not be a helpful or efficient use of time, Kroger will of course accede to that determination. But any incremental burden on the FTC arising from the work needed to prepare argument is no justification for depriving this Court of an opportunity to hear the parties' presentations. And of course, Kroger itself has an interest in having its day in Court.

The motions are ready to be argued on October 28 and the FTC cites no exceptional or even noteworthy circumstances that would justify moving it. The hearing should proceed as scheduled.

**BACKGROUND**

Before Kroger brought this case, it sought to stay or recess the Part 3 administrative proceeding. It first filed a motion with the FTC (and the five Commissioners named as Defendants here) to stay the Part 3 proceeding until final resolution of the federal court proceeding in Oregon. FTC Complaint Counsel opposed that motion and the Commissioners denied it. *See* Dkt. 10-12. Then, Kroger asked the Administrative Law Judge ("ALJ") overseeing the Part 3 proceeding to recess the hearing until final resolution of the federal proceeding. FTC Complaint Counsel opposed and the ALJ granted that motion in part and denied it in part, granting a recess until the conclusion of the evidentiary proceeding in Oregon but saying that "Respondents' request for the

2

recess to continue beyond the completion of the federal injunction trial, until after the completion of all pending state injunction trials, is less reasonable, as such a recess could unduly delay completion of the Part 3 proceeding." Dkt. 10-2, at 3.

Kroger then filed this case seeking a motion for a preliminary injunction. At the first conference, the parties indicated they could be available for argument on October 4 if necessary, but that the date would be difficult for the FTC's counsel from the DOJ given travel plans. The Court agreed to make itself available on October 4 if necessary, or on October 28 if not. Hours after that conference, FTC Complaint Counsel emailed Kroger proposing a schedule for restarting the Part 3 proceeding on October 2, 2024. *See* Dkt. 10-3. The DOJ shortly thereafter contacted Kroger and stated, remarkably, that the hearing should not occur on October 4 because the Part 3 proceeding was not likely to restart until much later in the year, if at all. When pressed, DOJ counsel admitted she was not aware of the FTC's proposal just hours earlier directly contradicting the position the FTC was taking in this case. Nevertheless, the FTC maintained its position that the hearing should not take place on October 4, never attempting to reconcile these two inconsistent representations. *See* Dkt. 10.

The parties returned to Court on September 13 to discuss the parties' competing views on scheduling. At that time, the Court directed that the hearing would take place on October 4 unless the FTC could provide an assurance on which Kroger could reasonably rely that the Part 3 proceeding would not restart until after the end of October. Next ensued a series of efforts by the FTC to do everything *except* stay the Part 3 proceeding—which of course has always remained in its power to do. The details are taxing, but in summary order, the FTC's various proposals were to (1) agree that Complaint Counsel would not seek to recommence the Part 3 proceeding until 21 days after resolution of the preliminary injunction motion in Oregon, (2) file a joint motion for a stay with the ALJ to the same effect (which the ALJ would have no power to grant), (3) file a joint

3

motion for a *recess* with the ALJ to the same effect, and (4) obtain a recess order from the ALJ and *then* move this Court for a recess or stay. Kroger agreed to the last proposal on the condition that the FTC withdraw its motion to transfer or stay, which the FTC refused to do. Kroger did, however, at the FTC's request join a motion for a continuance from the ALJ, which the ALJ granted. *See* Dkt. 22.

The parties thereafter came again to Court for a third hearing on scheduling. There, Kroger pointed out that continuing the Part 3 proceeding until 21 days after resolution of the preliminary injunction motion in Oregon did not actually provide assurance that the Part 3 hearing would not recommence before or near the end of October. The Court agreed and directed that the FTC could seek an order from the ALJ confirming that the Part 3 proceeding would not restart until a date certain. The FTC, with Kroger's consent, obtained that order, and the Part 3 proceeding now will not restart until the later of (1) 21 days after the district court in Oregon rules on the preliminary injunction motion or (2) December 18. On that basis, the Court adjourned the October 4 hearing and rescheduled it to October 28.

Now, the FTC has come back for more. It seeks an indefinite adjournment of the *argument* on the motion (not a delay of resolution of the motion itself) based on the possibility that the motion may become moot if the FTC prevails in the Oregon preliminary injunction proceeding and if the Part 3 proceeding is thereafter abandoned. *See* Dkt. 24. It cites no facts arising since the Court set argument that bear on the request for adjournment.

## ARGUMENT

### I. There Are No Grounds for an Adjournment

The FTC's argument comes down to its assertion that because there is a possibility this case may ultimately be rendered moot, the Court therefore should not even hear *argument* on Kroger's motion. Mot. 6–7. If that were the rule, the judiciary would come to a standstill. There

is always the possibility of mootness or settlement or some other intervening event that could alter the nature of the case. None of that is a ground for not even holding *argument* on a fully briefed motion, particularly where both the parties and the Court have already expended significant resources negotiating and settling on the argument date.

Indeed, delaying argument could create an unnecessary emergency down the road: If the Oregon court denies the FTC's motion for preliminary injunction on December 15, must this Court hear argument and decide the motion here within 30 days, over the holiday break? It is clear the FTC does not want to argue this motion, but the FTC's preference for avoiding judicial scrutiny of the unconstitutional structure of the Part 3 proceeding is not a basis for adjourning argument.

The FTC cites no authority supporting its request. In the lone case the FTC cites in which a hearing was adjourned on the basis of intervening developments (not because of the possibility of mootness), *see* Mot. 9, the court postponed a hearing on "an emergency motion for preliminary injunction" that was scheduled to be heard seven days after the motion was filed, *Strategic Turnaround Equity Partners, L.P. (Cayman) v. Fife*, 2010 WL 1438797, at *1 (E.D. Mich. Apr. 9, 2010). The hearing was thereafter set for a date two months later at the convenience of the parties. *See Strategic Turnaround Equity Partners, L.P.*, No. 10-CV-11305 (E.D. Mich. June 1, 2010), ECF No. 45. That is essentially what has already happened here: The Court set the hearing for a date that would allow the motion to be resolved before the harm to Kroger fully manifested, and when the threat of that harm was delayed, the Court reset the hearing for a day that was more convenient for both the parties and the Court.

The FTC also cites three cases in which proceedings were stayed in view of the possibility that intervening legislation could moot the case or affect the issues. Mot. 9–10. The FTC remarkably overlooks, however, that in two of those cases, the court *had already entered a preliminary injunction*. *See Pavek v. Simon*, 2020 WL 4013982, at *1 (D. Minn. July 16, 2020);

5

*Stinnie v. Holcomb*, 396 F. Supp. 3d 653, 656 (W.D. Va. 2019). And in the third, the stay was sought *by the plaintiff* to allow for the passage of legislation potentially providing the plaintiff with a more viable cause of action (not because of mootness, as the FTC incorrectly claims). *See Luckey v. U.S. Dep't of the Navy*, 2019 WL 4059855, at *1 (N.D. Cal. Aug. 28, 2019). These cases do not suggest that the possibility of future mootness is justification to stay a case before a preliminary injunction has actually issued—they actually indicate the opposite—and certainly do not suggest there should not even be *argument* on a motion.

The FTC notes that there are two other pending, parallel state court proceedings also challenging the Kroger merger. Mot. 7. The FTC speculates that if either of those courts enjoins (even partially) the merger, "Kroger and Albertsons may abandon the proposed merger." *Id.* There is no basis for such speculation, but it would not matter if there were, because the recess of the Part 3 proceeding is not affected by either of those two cases. The FTC and the state plaintiffs in the merger cases have gone to great lengths to contend that the three cases are independent of one another; the FTC cannot now use those cases as leverage to obtain relief in this Court.

**II.      To the Extent Relevant, the Adjournment Would Prejudice Kroger**

The FTC contends that Kroger would suffer no harm or prejudice from a short adjournment. Mot. 8. Yet it does not explain why Kroger would need to show prejudice to oppose the adjournment. The hearing has been heavily negotiated between the parties and there have been no intervening developments since the October 28 hearing was set by the Court. It is up to the FTC to explain why the hearing date would prejudice *it*, and the ordinary task of preparing and appearing for argument is not sufficient.

In any event, the FTC is wrong that there is no prejudice to Kroger. As of now, neither the Court nor the parties know *when* the Oregon court will rule or *how* the Oregon court will rule. The only variable over which the parties have any control is the timing of the hearing before this Court.

6

If Kroger prevails in Oregon, it should not be forced to move on an expedited timeline in order to avoid being subjected to an unconstitutional proceeding, and that is a contingency the parties can easily avoid by holding argument now. Depriving Kroger of its opportunity to present its arguments to the Court on the schedule settled by the parties and the Court plainly would result in prejudice.

The FTC's contention that "Kroger has even previously counter-proposed the same adjournment that Defendants request here" is inaccurate. Mot. 5, 9. The FTC cites a *compromise* that Kroger offered to the FTC (contingent on the FTC withdrawing its motion for a stay or transfer), which the FTC rejected. Having declined to meet in the middle before, the FTC cannot now insist that Kroger has agreed that no hearing is necessary. This kind of argument in fact undermines the purpose of the meet-and-confer process, which is to encourage parties to compromise. And of course, the FTC has not withdrawn its motion.

The FTC points also to Kroger's statement in its opposition to the FTC's motion to transfer or stay that it would agree to a stay in this case if the FTC stayed the Part 3 proceeding. Mot. 4–5, 9. But the FTC has not stayed the Part 3 proceeding; instead, the ALJ has temporarily recessed the hearing. There is a difference, as the FTC well knows: In its application for an adjournment (i.e., a recess), the FTC does not cite the standard for staying this case, because it does not apply. Kroger's offer still stands, but the FTC has not yet accepted it.

## CONCLUSION

Because the burden of preparing for argument is no reason to adjourn a hearing, Kroger respectfully requests that the FTC's motion for adjournment be denied.

Date: October 18, 2024

Respectfully submitted,

Nathaniel Lampley, Jr. (0041543)
Petra G. Bergman (0097990)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street, Suite 3500,
Cincinnati, Ohio 45202
(513) 723-4000
nlampley@vorys.com
pgbergman@vorys.com

*/s/  Mark A. Perry*
Mark A. Perry (*pro hac vice*)
Joshua M. Wesneski (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7248

Daniel M. Lifton (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Attorneys for Plaintiff The Kroger Co.*

8