# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# CINCINNATI DIVISION

| | |
|---|---|
| THE KROGER CO.,<br><br>    *Plaintiff*,<br><br>v.<br><br>THE FEDERAL TRADE COMMISSION, *et al.*,<br><br>    *Defendants*. | No. 1:24-cv-00438-DRC<br>Hon. Douglas R. Cole |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully notify the Court of the United States Court of Appeals for the Sixth Circuit's decision in *YAPP USA Automotive Systems, Inc. v. National Labor Relations Board*, No. 24-1754, 2024 WL 4489598 (6th Cir. Oct. 13, 2024) (attached as Exhibit A), which supports Defendants' Opposition to Kroger's Motion for a Preliminary Injunction, ECF No. 15.[1] The holding of *YAPP* bears directly upon Kroger's entitlement to a preliminary injunction.

In *YAPP*, the Sixth Circuit denied plaintiff-appellant YAPP's motion for an injunction pending appeal seeking to enjoin an administrative proceeding initiated by the National Labor Relations Board ("NLRB") on the basis of an allegedly unconstitutional removal protection. *See YAPP*, 2024 WL 4489598, *3. The Sixth Circuit determined that YAPP was not entitled to an injunction because it had failed to establish "that the [challenged] removal protections . . . will 'cause harm,'" as required by *Collins v. Yellen*, 594 U.S. 220 (2021), and, subsequently, *Calcutt*

---

[1] Defendants cited the district court opinion below in their opposition, which the Sixth Circuit affirmed. *See YAPP USA Automotive Sys., Inc. v. Nat. Labor Rel. Bd.*, No. 24-cv-12173, 2024 WL 4119058, *9 (E.D. Mich. Sept. 9, 2024); *see also* Defs.' Opp. to Kroger's Mot. for a Prelim. Inj. at 6, 10, 12, 26, ECF No. 15 at PageID 632, 636, 638, 653.

1

*v. FDIC*, 37 F.4th 293, 310 (6th Cir. 2022). *YAPP*, 2024 WL 4489598, *3.

In so holding, the Sixth Circuit first reiterated its prior holding from *Calcutt*. Namely, "*Collins* . . . provides a clear instruction: To invalidate an agency action due to a removal violation, that constitutional infirmity must 'cause harm' to the challenging party." *YAPP*, 2024 WL 4489598, *2 (quoting *Calcutt*, 37 F.4th at 316). In doing so, the challenging party "cannot simply show that the *agency's action* caused—or will cause—harm," but rather, "'the *constitutional violation* [*i.e.*, the allegedly unconstitutional removal restriction] must have caused the harm.'" *Id.* (quoting *Calcutt*, 37 F.4th at 316) (emphases added and removed). Moreover, "a challenger cannot rely on 'vague, generalized allegations' of harm," but must instead establish "that the removal restriction *specifically* impacted the agency actions of which they complain." *Id.* (quoting *Calcutt*, 37 F.4th at 315, 317). Based on this standard, the Sixth Circuit held that "YAPP's bare claim that the NLRB proceeding would be 'illegitimate' [wa]s not enough" to establish harm. *Id.* at *3 (quoting *Calcutt*, 37 F.4th at 315).[2]

In addition, the Sixth Circuit reaffirmed that the harm requirement applies equally to claims seeking prospective relief as to claims seeking retrospective relief. The Court explained that "*Calcutt* explicitly stated that the distinction between prospective and retrospective relief 'does not matter.'" *Id.* (quoting *Calcutt*, 37 F.4th at 316). Indeed, *Calcutt* provided that "[t]he question of whether the removal protection scheme inflicted harm 'remains the same whether the petitioner seeks retrospective or prospective relief.'" *Id.* (quoting *Calcutt*, 37 F.4th at 316).

The Sixth Circuit also rejected YAPP's attempt to premise the requisite harm on *Axon Enterprises, Inc. v. FTC*, 598 U.S. 175 (2023). YAPP argued that it was entitled to relief because

---

[2] The court explained that this failure to establish harm could mean either "that [YAPP] is not likely to succeed on the merits or that [it] has not shown that it will suffer irreparable harm," but "[i]n any case, the outcome is the same." *YAPP*, 2024 WL 4489598, *3.

2

"the alleged harm of 'being subjected to unconstitutional agency authority' was recognized in *Axon*." *YAPP*, 2024 WL 4489598, *3 (citing *Axon*, 598 U.S. 175). The Sixth Circuit foreclosed this overbroad characterization of *Axon*, explaining that "*Axon* did not overrule *Collins*." *Id.* Rather, *Axon* addressed only "whether federal courts have *jurisdiction* to hear [structural constitutional] claims on their merits," and "'did not address issues of relief or injury.'" *Id.* (quoting *Axon*, 598 U.S. at 180); *see also id.* (quoting *Leachco, Inc. v. Consumer Prod. Safety Comm'n*, 103 F.4th 748, 759 (10th Cir. 2024), for proposition "that *Axon* 'only upheld district court jurisdiction to consider collateral constitutional challenges to administrative proceedings,' and . . . is not 'a broad ruling that creates an entitlement on the merits to a preliminary injunction in every case where such constitutional challenges are raised'").

Finally, as relevant here, the Sixth Circuit characterized *Calcutt* as binding and repeatedly quoted and relied upon *Calcutt*'s holding. *Id.* ("[W]e are bound by our prior ruling [in *Calcutt*]."); *compare generally id.* at *2–3 *with* Mem. of L. in Supp. of Kroger's Mot. for Prelim. Inj., ECF No. 3 (including no mention of *Collins* or *Calcutt*) *and* Reply Mem. of L. in Supp. of Kroger's Mot. for Prelim. Inj. at 7, ECF No. 18 at PageID 785 (characterizing *Calcutt* as having "no precedential significance").

Dated: October 22, 2024          Respectfully submitted,

                                             BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BRIAN D. NETTER
Deputy Assistant Attorney General

CHRISTOPHER R. HALL
Assistant Branch Director

3

/s/ *Cassandra M. Snyder*
CASSANDRA SNYDER
Trial Attorney
Department of Justice
Federal Programs Branch
1100 L Street, N.W., Washington, DC 20005
Tel: (202) 451-7729
Email: cassandra.m.snyder@usdoj.gov

*Counsel for Defendants*