# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF OHIO – Cincinnati Division

| | |
|---|---|
| THE KROGER CO.<br>                    Plaintiff,<br><br>    vs.<br><br>THE FEDERAL TRADE COMMISSION<br>                    Defendant,<br><br>    and<br><br>LINA M. KHAN, REBECCA KELLY<br>SLAUGHTER, ALVARO BEDOYA, MELISSA<br>HOLYOAK, and ANDREW N. FERGUSON, in<br>their official capacities as Commissioners of the<br>Federal Trade Commission<br>                    Defendants. | Civil Action No. 1:24-cv-00438-DRC |

## KROGER'S RESPONSE
## TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Kroger submits this response to the FTC's notice of supplemental authority.  Dkt. 27.  As set forth in Kroger's reply brief, *see* Dkt. 18, at 8–10, nothing in *Collins v. Yellen*, 594 U.S. 220 (2021), or *Calcutt v. FDIC*, 37 F.4th 293 (6th Cir. 2022), *rev'd*, 598 U.S. 623 (2023) (per curiam), requires a party seeking relief from an ongoing unconstitutional proceeding to establish that the *outcome* or some aspect of that proceeding would be different but for the unconstitutional aspects of the proceeding.  The motions panel order in *YAPP USA Automotive Systems, Inc. v. NLRB*, No. 24-1754 (6th Cir. Oct. 13, 2024), does not alter that conclusion.[1]

---

[1] Whether *Calcutt* is binding precedent as to the injury requirement is immaterial, *cf.* Dkt. 27, at 3, because Kroger agrees with *Calcutt*'s conclusion that a plaintiff must tie the relief it seeks to the constitutional defect it claims and that a removal defect does not render agency action void *ab initio*, *see* Dkt. 18, at 8–10.  Neither the FTC nor *YAPP* suggests that *Calcutt* is binding on the merits question of whether the removal structure for FTC ALJs is unconstitutional.

In *YAPP*, a motions panel of the Sixth Circuit held (in a non-precedential order) that the plaintiff was not entitled to an injunction of an administrative proceeding before the ALJs of the National Labor Relations Board on the grounds that the ALJs were unconstitutionally insulated from removal, concluding that the plaintiff had not shown that the removal provision inflicted redressable harm.  Dkt. 27-1, at 3.  In doing so, the panel rejected two arguments made by the plaintiff.  First, the panel confirmed that *Collins* applies to both prospective and retrospective relief.  *Id.* at 5 (citing *Calcutt*, 37 F.4th at 316).  Second, the panel asserted that *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023), "did not overrule *Collins*."  *Id.*  Kroger agrees with both conclusions.  *Collins* applies regardless of whether retrospective or prospective relief is sought. *See* Dkt. 18, at 10.  And *Axon* did not overrule *Collins* or undermine *Calcutt*—it merely clarified that an ongoing, unconstitutional administrative proceeding is itself a cognizable injury for which a plaintiff may seek and obtain relief.  *See id.* at 9.

The *YAPP* order is incorrect, however, insofar as it suggests that the *only* way the *Collins* requirement can be satisfied is by showing that the resulting agency action would have been different but for the constitutional violation.  Dkt. 27-1, at 4–5.  *Axon* says the opposite:

> Suppose a court of appeals agrees with Axon, on review of an adverse FTC decision, that ALJ-led proceedings violate the separation of powers.  The court could of course vacate the FTC's order.  But Axon's separation-of-powers claim is not about that order; indeed, *Axon would have the same claim had it won before the agency*.  The claim, again, is about subjection to an illegitimate proceeding, led by an illegitimate decisionmaker.  And as to that grievance, the court of appeals can do nothing: A proceeding that has already happened cannot be undone.  Judicial review of Axon's (and Cochran's) structural constitutional claims would come too late to be meaningful.

*Axon Enter.*, 598 U.S. at 191 (emphasis added).  In other words, it is not accurate that a plaintiff proceeding under *Axon* must show that some aspect of the proceeding would have been different but for the constitutional violation, because the claimed injury exists "irrespective of [the proceeding's outcome], or of other decisions made within it."  *Id.* at 192.  Indeed, no party in

Kroger's shoes could ever make the showing called for by the FTC, because there is not yet any agency action to challenge. And as *Axon* points out, by the time there *is* appealable final agency action, it will be too late to remedy the constitutional harm. *Id.* at 191.

In *Calcutt*, there was no extant proceeding—the plaintiff sought to vacate and obtain relief from final agency action based on a constitutional defect as to removal—and therefore no "here-and-now injury" arising from an unconstitutional proceeding. *See* 37 F.4th at 300. And in *Collins*, the plaintiffs were *never* the subject of an unconstitutional proceeding. 594 U.S. at 226. In both cases, vacating the agency's order would do nothing to redress the "here-and-now injury" of being subjected to an unconstitutional proceeding, because "[a] proceeding that has already happened cannot be undone." *Axon*, 598 U.S. at 191. The obvious concern in *Collins* (and *Calcutt*) was the prospect that the entire body of regulatory work by unconstitutionally structured agencies could be retroactively undone in a single fail swoop. No such concern is presented where, as here, a party seeks to enjoin only an active proceeding against itself.

The *YAPP* order notes that *Axon* dealt only with the question of whether a court has jurisdiction to review a constitutional challenge to a proceeding before the agency has taken action. Dkt. 27-1, at 5. That is accurate, but in doing so, the Court in *Axon* confirmed that "being subject to unconstitutional agency authority" in the form of a "proceeding by an accountable ALJ" is a here-and-now injury." *Axon Enter.*, 598 U.S. at 191 (quotation marks omitted). It reached that conclusion in part by relying on *Seila Law LLC v. CFPB*, in which the Court "rejected the argument that consideration of the effect of a removal provision is not ripe until that provision is actually used, because when such a provision violates the separation of powers it inflicts a here-and-now injury on affected third parties that can be remedied by a court." 591 U.S. 197, 212 (2020) (quotation marks omitted).

Kroger "does not seek to 'void' the acts of any [agency] official," and instead "seeks an administrative adjudication untainted by separation-of-powers violations." *Cochran v. SEC*, 20 F.4th 194, 210 n.16 (5th Cir. 2021), *aff'd sub nom. Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023). And in those circumstances, courts have repeatedly held that *Collins* is no impediment to relief. *See, e.g.*, *id.*; *Aunt Bertha v. NLRB*, 2024 WL 4202383, at *4 (N.D. Tex. Sept. 16, 2024); *Energy Transfer, LP v. NLRB*, — F. Supp. 3d —, 2024 WL 3571494, at *4 (S.D. Tex. July 29, 2024); *Space Expl. Technolo-Gies Corp. v. NLRB*, — F. Supp. 3d —, 2024 WL 3512082, at *6 (W.D. Tex. July 23, 2024); *H&R Block v. Himes*, 2024 WL 3742310, at *2 n.2 (W.D. Mo. Aug. 1, 2024), *appeal filed*, No. 24-2626 (8th Cir. Aug. 9, 2024).

At bottom, the implication of the FTC's position is that even if its ALJs are unconstitutionally protected from removal, a party currently being subjected to an unconstitutional proceeding overseen by such an ALJ has no remedy. If accepted, that position would nullify *Axon* in its entirety and sanction the continued use of unconstitutional proceedings to deprive private parties of their rights. That is not what the Supreme Court had in mind when it decided either *Collins* or *Axon*.

Date: October 25, 2024

Respectfully submitted,

Nathaniel Lampley, Jr. (0041543)
Petra G. Bergman (0097990)
VORYS, SATER, SEYMOUR AND PEASE LLP
301 East Fourth Street, Suite 3500,
Cincinnati, Ohio 45202
(513) 723-4000
nlampley@vorys.com
pgbergman@vorys.com

/s/  Mark A. Perry
Mark A. Perry (*pro hac vice*)
Joshua M. Wesneski (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
(202) 682-7248

Daniel M. Lifton (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Attorneys for Plaintiff The Kroger Co.*